# Exhibit A

Douglas Caiafa, Esq. (SBN 107747)
DOUGLAS CAIAFA,
A Professional Law Corporation
11845 West Olympic Boulevard
Suite 1245
Los Angeles, California 90064
(310) 444-5240 – phone
(310) 312-8260 – fax
Email: dcaiafa@caiafalaw.com

Christopher J. Morosoff, Esq. (SBN 200465)
LAW OFFICE OF CHRISTOPHER J. MOROSOFF
77-760 Country Club Drive
Suite G
Palm Desert, California 92211
(760) 469-5986 – phone
(760) 345-1581 – fax
Email: cjmorosoff@morosofflaw.com

Greg K. Hafif, Esq. (SBN 149515)
LAW OFFICE OF HERBERT HAFIF
269 W. Bonita Avenue
Claremont, California 91711
(909) 624-1671 – phone
(909) 625-7772 – fax
Email: ghafif@hafif.com

*Attorneys for Plaintiff S. Chester, et al.*

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
 A Limited Liability Partnership
 Including Professional Corporations
CRAIG CARDON, Cal. Bar No. 168646
JAY T. RAMSEY, Cal. Bar No. 273160
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:  310.228.3700
Facsimile:   310.228.3701
ccardon@sheppardmullin.com
jramsey@sheppardmullin.com

ROPES & GRAY LLP
JOHN P. BUEKER (admitted *pro hac vice*)
ALIKI SOFIS (admitted *pro hac vice*)
Prudential Tower -800 Boylston Street
Boston, Massachusetts  02199-3600
Telephone:  617.951.7951
Facsimile:   617.235.0609
john.bueker@ropesgray.com
aliki.sofis@ropesgray.com

*Attorneys for Defendant The TJX Companies, Inc., et al.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| IN RE THE TJX COMPANIES, INC. | Case No. 5:15-cv-01437-DDP-DTBx |
| STACI CHESTER, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>THE TJX COMPANIES, INC., *et al.*,<br><br>Defendants. | **CLASS ACTION SETTLEMENT AGREEMENT**<br><br>Courtroom:  5D – First Street<br>Date:<br>Time:       1:30 p.m.<br>Judge:      Hon. Otis D. Wright, II |

CLASS ACTION SETTLEMENT AGREEMENT

# CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement (the "Agreement") is made by and between the Class Representatives, individually and on behalf of the Settlement Class, and Defendant The TJX Companies, Inc., T.J. Maxx of CA, LLC, Marshalls of CA, LLC, and HomeGoods, Inc. (collectively, "TJX" or the "Settling Defendant").[1] The Class Representatives, the Settlement Class, and the Settling Defendant are collectively referred to as the "Parties."

## RECITALS

WHEREAS, on July 17, 2015, Staci Chester filed a complaint against The TJX Companies, Inc. and T.J. Maxx of CA, LLC in the United States District Court for the Central District of California, Case No. 5:15-cv-01437-DDP-DTBx;

WHEREAS, on July 17, 2015, Daniel Friedman filed a complaint against The TJX Companies, Inc. and T.J. Maxx of CA, LLC in the United States District Court for the Central District of California, Case No. 5:15-cv-01437-DDP-DTBx;

WHEREAS, on July 23, 2015, Robin Berkoff filed two complaints against The TJX Companies, Inc. and Marshalls of CA, LLC(Case No. 5:15-cv-01475-PA-DTBx) and The TJX Companies, Inc. and HomeGoods, Inc.(Case No. 5:15-cv-01480-CAS-KKx), respectively, in the United States District Court for the Central District of California;

WHEREAS, on July 23, 2015, Theresa Metoyer filed a complaint against The TJX Companies, Inc. and HomeGoods, Inc. in the United States District Court for the Central District of California, Case No. 5:15-cv-01480-CAS-KKx;

WHEREAS, on August 19, 21015 the Court allowed the Class Representatives to file a consolidated amended complaint against The TJX Companies, Inc., T.J. Maxx of CA, LLC, Marshalls of CA, LLC, and HomeGoods, Inc. in the United States District Court for the Central District of California;

---

[1] Capitalized terms in this Agreement are defined in Section 1, below.

- 1 -

1   WHEREAS, on September 3, 2015, Class Representatives Staci Chester, Robin
2   Berkoff, Daniel Friedman, and Theresa Metoyer filed a Consolidated Amended Class
3   Action Complaint against The TJX Companies, Inc., T.J. Maxx of CA, LLC, Marshalls
4   of CA, LLC, and HomeGoods, Inc. in the United States District Court for the Central
5   District of California (the "Complaint") Case No. 5:15-cv-01437-DDP-DTBx;

6   WHEREAS, the Complaint alleges that TJX has used false or misleading
7   Compare At price advertising on TJX price tags on items sold at TJX stores in California
8   during the Class Period. The Class Representatives claim that they and other consumers
9   relied on TJX's Compare At pricing when purchasing items from TJX. Plaintiffs sued
10  for monetary and injunctive relief;

11  WHEREAS, on October 19, 2015, TJX filed its motion to dismiss the Complaint;
12  WHEREAS, on August 18, 2016, the Court denied TJX's motion to dismiss the
13  Complaint;

14  WHEREAS, Class Representatives and Class Counsel (defined below) have
15  pursued this litigation believing that it is meritorious, and they have conducted an
16  investigation of the facts and law surrounding this case, including, but not limited to, (i)
17  researching the applicable law and the potential defenses; (ii) conducting extensive
18  written discovery and depositions, including without limitation, reviewing TJX's public
19  filings and internal documents concerning its Compare At price advertising; (iii) hiring
20  and consulting with an expert; (iv) developing arguments for class certification,
21  preparing and filing a motion for class certification; (v) briefing numerous motions,
22  including without limitation class certification and summary judgment; and (vi)
23  attending an all-day in-person mediation, including numerous follow-up telephonic
24  sessions with the mediator.   Based on their own independent investigation and
25  evaluation, Class Counsel is of the opinion that the Settlement is fair, reasonable, and
26  adequate and is in the best interests of the Settlement Class Members as well as future
27  California consumers, in light of all known facts and circumstances, including the risk
28  of significant delay, the defenses asserted by TJX, trial risk and appellate risk;

**CLASS ACTION SETTLEMENT AGREEMENT**

1  WHEREAS, TJX denies liability and wrongdoing of any kind associated with the
2  claims alleged, and contends that this Litigation is not appropriate for class certification
3  or for class treatment. TJX continues to assert that the Class Representatives will not
4  be able to establish any entitlement to any monetary remedy or injunctive relief. TJX
5  also continues to assert that it has complied with all applicable price comparison
6  advertising laws and that its Compare At prices are fair and not deceptive or misleading.

7  WHEREAS, on April 17, 2017, TJX submitted the Expert Report of Kristofer
8  Buchan. Mr. Buchan conducted a study of a representative sample of 348 products
9  recently offered for sale at all three of TJX's chain stores in California. TJX believes
10  that the study shows that at least 96% of the time, the same or a comparable product
11  was offered for sale at least one other major California retailer for a price that was the
12  same as or higher than TJX's advertised Compare At price;

13  Plaintiffs submitted the expert report of Christian Tregillis which they believe
14  refutes or casts doubt upon the findings of Mr. Buchan.

15  WHEREAS, on April 17, 2017, TJX submitted the Expert Report of Carol A.
16  Scott, Ph.D. Dr. Scott recently conducted a survey of 636 TJX customers in California,
17  which TJX believes demonstrates that: (i) approximately 60% of respondents stated
18  that they understood TJX's Compare At prices consistently with TJX's definition of
19  them; (ii) 81.4% of respondents said that learning TJX's definition would not change
20  the likelihood they would shop at a TJX store; (iii) after being shown TJX's definition
21  of Compare At pricing, only 3.4% of respondents stated that they would not have bought
22  the last product they purchased at a TJX store;

23  Plaintiffs submitted the expert report of Christian Tregillis which they believe
24  refutes or casts doubt upon the findings of Carol A. Scott, Ph.D.;

25  WHEREAS, TJX further asserts that despite its good faith belief that it is not
26  liable for any of the claims asserted, and despite its good faith belief that class
27  certification would not be appropriate, TJX will not oppose the District Court's
28  certification of the Settlement Class contemplated by this Agreement solely for

**CLASS ACTION SETTLEMENT AGREEMENT**

purposes of effectuating this Settlement.  TJX's agreement to certification of the Settlement Class is expressly without prejudice to TJX's rights to oppose certification of a class or oppose any other claim (i) in this Litigation, should the Agreement not be approved or implemented for any reason; or (ii) in any other litigation, whether pending in California or elsewhere;

WHERAS, in the event the Agreement is not approved or is otherwise terminated, this Agreement shall be deemed null and void and be of no further force or effect and may not be used by any Party for any purpose in this Litigation or any other action;

WHEREAS, the entry of Final Judgment in this Litigation shall dismiss with prejudice all claims which were or which could have been alleged in the Litigation by any and all Settlement Class Members against TJX, with the exception of any individual claims that might be retained by Settlement Class Members who exclude themselves from the Settlement, if any; and

WHEREAS, the Parties agree to cooperate and take all reasonable steps necessary and appropriate to obtain preliminary and final approval of this Settlement, to effectuate its terms, and to dismiss this Litigation with prejudice.

THEREFORE, the Parties hereby agree as follows:

1.    **Definitions**

1.1    The term "Agreement" as used herein means this Class Action Settlement Agreement.

1.2    The term "Attorneys' Fees and Costs" as used herein means the attorneys' fees and costs to be requested by Class Counsel, subject to Court approval in accordance with the provisions below.

1.3    The term "Claim" as used herein means a Claim submitted by way of a Claim Form in accordance with this Agreement.

1.4    The term "Claim Form" as used herein means the Claim Form for the Settlement Class attached hereto as <u>Exhibit 1</u>, which is agreed to by the Parties, subject to Court approval, as the method by which a Class Member may submit a Claim.

**CLASS ACTION SETTLEMENT AGREEMENT**

1   Only those Settlement Class Members who submit a Claim Form, in the manner set

2   forth in this Agreement, subject to Court approval, shall be eligible to recover a share

3   of the Settlement proceeds.

4       1.5   The term "Claimant" as used herein means any Settlement Class

5   Member who submits a Claim Form.

6       1.6   The term "Claims Administrator" as used herein means JND Legal

7   Administration ("JND"), or another entity subsequently selected, which, subject to

8   Court approval, shall perform the duties of, among other things: (i) providing Notice,

9   Claim Forms and Opt-Out Request Forms to Settlement Class Members; (ii) publishing

10   the Publication Notice; (iii) providing notice as required by the Class Action Fairness

11   Act, 28 U.S.C. § 1715; (iv) tracking returned Claim Forms and Opt-Out Requests; (v)

12   notifying the Parties of determinations regarding submitted Claim Forms and Opt-Out

13   Requests consistent with this Agreement; (vi) distributing Merchandise Credits; and

14   (vii) other notice and administration duties in accordance with this Agreement and the

15   Court's orders.

16       1.7   The term "Class Counsel" as used herein means the following counsel who

17   have appeared on behalf of the Class Representatives: Douglas Caiafa of DOUGLAS

18   CAIAFA, A Professional Law Corporation, Christopher J. Morosoff of the LAW

19   OFFICE OF CHRISTOPHER J. MOROSOFF, and Greg K. Hafif of the LAW OFFICE

20   OF HERBERT HAFIF.

21       1.8   The term "Class List" as used herein means the list of customers, and their

22   email or physical mailing addresses to the extent known, who purchased during the

23   Settlement Class Period from a T.J. Maxx, Marshalls or HomeGoods store in California

24   one or more items that included a TJX price tag with a Compare At price, and who have

25   not received a refund or credit for all of their purchase(s).

26       1.9   The term "Class Representatives" as used herein means Staci Chester,

27   Robin Berkoff, Daniel Friedman, and Theresa Metoyer.

28

- 5 -

**CLASS ACTION SETTLEMENT AGREEMENT**

1.10   The term "Class Representative Enhancement Payment" as used herein means the amount Class Counsel shall request be paid to the Class Representatives in their capacity as "Class Representatives" to compensate them for initiating the Action and performing work in support of the Action.

1.11   The term "Email Notice" as used herein means a document substantially in the form of the document attached hereto as <u>Exhibit 3</u>, which has been agreed to by the Parties, subject to Court approval, and which will be sent to potential Settlement Class Members as an email where an email address exists on the Class List.

1.12   The term "Final Judgment" as used herein refers to the Final Judgment and Order of Final Approval approving the Settlement and dismissing the Litigation with prejudice as against TJX, which this Settlement and Agreement contemplates will be entered and approved by the District Court.

1.13   The term "In-Store Notice" as used herein means a document substantially in the form of the document attached hereto as <u>Exhibit 7</u>, which has been agreed to by the Parties, subject to Court approval, and which will be posted for ninety (90) days in T.J. Maxx, Marshalls, and HomeGoods stores in California.

1.14   The term "Merchandise Credit" as used herein means a credit redeemable for purchases at any T.J. Maxx, Marshalls or HomeGoods store in California. Each Merchandise Credit shall be fully transferable, stackable and may be used in connection with any promotional discount(s) that are otherwise available with the use of Merchandise Credits. Merchandise Credits have no expiration date and need not be used in full at any time. They will maintain a running balance that is depleted based on use until the balance is zero. Holders will have the option of redeeming an unused Merchandise Credit for cash in an amount equal to 75% of the Merchandise Credit at the time of its issuance by returning the Merchandise Credit to the Claims Administrator within one (1) year after its issuance. Merchandise Credits that have been used to make a purchase are not redeemable for cash. They are not gift cards or gift certificates under California or federal law and, thus, it is the Parties' belief and

intent that the Merchandise Credits are not subject to the restrictions and terms found under California or federal law regarding gift cards or gift certificates. The Merchandise Credits may not be used for past purchases, layaway, or to purchase gift cards or certificates. They will not be replaced if lost, stolen, or damaged, and copies will not be accepted. No minimum purchase amount is required to use them. Other than as specified herein, they are not redeemable for cash.

1.15   The term "Litigation" means the underlying litigation between the Parties as identified in the above-captioned case.

1.16   The term "Monetary Component" as used herein means $8,500,000 to be made available by TJX pursuant to this Settlement, which represents TJX's total monetary liability under this Agreement or otherwise pursuant to this Settlement.

1.17   The term "Notice" as used herein means a document substantially in the form of the Notice of Proposed Class Action Settlement Between Plaintiff and TJX attached hereto as <u>Exhibit 2</u>, which has been agreed to by the Parties, subject to Court approval, and which the Claims Administrator will make available through the Settlement Website, explaining the terms of the Settlement and the Claims, Opt- Out, and objection processes.

1.18   The term "Notice and Administration Costs" as used herein means the costs to send notice and administer the Settlement as contemplated by this Agreement.

1.19   The term "Opt-Out Request Form" as used herein means a form that will be available for download on the Settlement Website, which can be used by Settlement Class Members to request to opt out of the Settlement. Settlement Class Members are not required to use the Opt-Out Request Form in order to communicate their desire to opt out of the Settlement to the Claims Administrator.

1.20   The term "Parties" as used herein means the Class Representatives, the Settlement Class, and Settling Defendants.

1.21   The term "Postcard Notice" as used herein means a document substantially in the form attached hereto as <u>Exhibit 4</u>, which has been agreed to by

**CLASS ACTION SETTLEMENT AGREEMENT**

1  the Parties, subject to Court approval, and which will be sent to potential Settlement

2  Class Members in the U.S., by mail where a physical mailing address exists on the Class

3  List but where an email address does not.

4      1.22  The term "Publication Notice" as used herein means a document

5  substantially in the form attached hereto as <u>Exhibit 5</u>, which has been agreed to by

6  the Parties, subject to Court approval, and which will be published in accordance with

7  the terms of this Settlement.

8      1.23  The terms "Qualified Settlement Fund" or "QSF" as used herein means the

9  Qualified Settlement Fund to be set up in accordance with the terms below.

10      1.24  The term "Releasing Settlement Class Members" as used herein means the

11  Class Representatives and all Settlement Class Members, other than those who submit

12  timely Requests to Opt Out.

13      1.25  The term "Request to Opt Out" as used herein means a request sent to the

14  Claims Administrator by any Settlement Class Member wishing to opt out or exclude

15  themselves from the Settlement.

16      1.26  The term "Settlement" as used herein means the compromise and

17  settlement of the Litigation as contemplated by this Agreement.

18      1.27  The term "Settlement Class" as used herein and for purposes of Settlement

19  only means all persons who in the State of California, and between July 17, 2011 and

20  the present (the "Settlement Class Period"), purchased from a T.J. Maxx, Marshalls or

21  HomeGoods store in California one or more items with a TJX price tag that included a

22  Compare At price, and who have not received a refund or credit for all of their

23  purchase(s).  Excluded from the Settlement Class are the Settling Defendants, as well

24  as their past and present officers, directors, employees, agents or affiliates, and any

25  judge who presides over this Litigation.

26      1.28  The term "Settlement Class Member Released Claims" as used herein

27  means the claims, rights, penalties, demands, damages, debts, accounts, duties, costs

28  and expenses (other than those costs and expenses required to be paid pursuant to

this Agreement), liens, charges, complaints, causes of action, obligations, or liabilities that are released, acquitted and discharged as described below.

1.29  The term "Settlement Class Members," as used herein means the Class Representatives and all members of the Settlement Class.

1.30  The term "Settlement Class Period" as used herein and for purposes of Settlement only means the period of time between July 17, 2011 and the present.

1.31  The term "Settlement Effective Date" as used herein means the date after the Court has granted Final Approval and Entered Judgment, and  the date upon which the latest of the following events occurs:  (1) the expiration of the time for filing an appeal if there are any objections filed by any Class Member; (2) the conclusion of any appeal taken if there are any objections filed by any Class Member; (3) the withdrawal of the last objection to the Settlement; or (4) if there are no objections filed by any Class Member, the date the Court has entered judgment.

1.32  The term "Settlement Website" as used herein means an Internet website maintained by the Claims Administrator containing the Notice, Claim Form, Opt-Out Request Form, instructions on how to submit a Claim Form and/or on how to Opt-Out or Object to the Settlement, and where Merchandise Credits may be obtained. The Settlement Website is:  tjxSettlement.com.

1.33  The term "Verified Claims" as used herein means those Claims which are approved by the Claims Administrator for payment after the deadline for audits allowable has expired, or, if an audit or objection is made, after all audits or objections have been resolved in accordance with the provisions below.

## 2.   Settlement Class

2.1   The Parties agree that, for purposes of this Agreement only, Class Representatives shall request, and TJX will not oppose, certification of the Settlement Class (defined above) pursuant to Federal Rule of Civil Procedure 23(b)(3), to which TJX will provide settlement consideration and from which TJX will obtain a release of claims, subject to the Court's preliminary approval of this Agreement, the provision of

Notice to members of the Settlement Class, and the Court's final approval of the Notice provided and this Agreement.

2.2     The Parties agree that, for purposes of this Agreement only, Class Representatives shall request, and TJX will not oppose, the Court's appointment of Class Counsel as counsel for the Settlement Class, and the appointment of the Class Representatives as representatives of the Settlement Class.

2.3     The Parties agree that the operative complaint in this Litigation can and shall be amended as necessary and/or as required by the Court to effectuate the terms of this Agreement.

2.4     The Settlement is conditioned on the Court certifying the Settlement Class.   The Parties and Class Counsel agree that, if approved, certification of the Settlement Class is a conditional certification for settlement purposes only, and if for any reason the District Court does not grant final approval of the Settlement, or if final approval is not granted following appeal of any order by the District Court, the certification of the Settlement Class shall be deemed null and void, and each Party shall retain all their respective rights as they existed prior to the execution of the Agreement.

3.     **Settlement Consideration**

Monetary Component

3.1     Subject to the other terms and conditions of this Agreement, and subject to Court approval, TJX will contribute $8,500,000 for the Monetary Component of the Settlement.  This Monetary Component will be comprised of the following:

3.1.1     Following final approval of the Settlement by the Court and after the deductions described in Paragraphs 3.1.2 through 3.1.4 below, the remaining value of the Monetary Component will be distributed on a pro rata basis in the form of TJX Merchandise Credits to members of the Settlement Class who submit a valid Claim. The value of each Merchandise Credit shall be determined by dividing the remaining value of the Monetary Component by the number of Class Members who submit a valid Claim.

**CLASS ACTION SETTLEMENT AGREEMENT**

64670079_1

3.1.2    The actual Notice and Administration Costs incurred in accordance with this Agreement, up to $1,000,000 ("Administrative Costs Portion"). The Administrative Costs Portion shall be deposited by TJX into the QSF for purposes of paying Administrative Costs within a reasonable time period following preliminary approval of the Settlement by the District Court.

3.1.3    Class Counsel may apply to the Court for an award of reasonable Attorneys' Fees not to exceed 25% of the Monetary Component of the Settlement, and costs not to exceed $50,000. TJX will not oppose an application for a reasonable award of Attorneys' Fees and Costs sought in accordance with this Agreement. In the event that the Court does not approve the award of Attorneys' Fees and Costs requested by Class Counsel, or if the Court awards Attorneys' Fees and Costs in an amount less than that requested by Class Counsel, the amount that is not awarded will be available for distribution to the Class, and the Court's decision shall not affect the validity and enforceability of the Settlement and shall not be a basis for anyone to seek to void the Settlement or for rendering the entire Settlement null, void, or unenforceable.  Class Counsel retain their right to appeal any decision by the Court regarding the Court's award of Attorneys' Fees and Costs.

3.1.4    Class Counsel intends to seek $7,500.00 for each Class Representative as the Class Representative Enhancement Payment.  TJX will not oppose the application.  Any request made by Class Counsel in accordance with this Section is without prejudice to the Class Representative's right to file a Claim as a Settlement Class Member.  In the event that the Court does not approve the Class Representative Enhancement Payment, or the Court awards an amount that is less than sought, the amount that is not awarded will be available for distribution to the Class and shall not affect the validity and enforceability of the Settlement and shall not be a basis for anyone to seek to void the Settlement or for rendering the entire Settlement null, void, or unenforceable.

- 11 -

**CLASS ACTION SETTLEMENT AGREEMENT**

3.2     The payments identified in Paragraphs 3.1.1 through 3.1.4 of this Agreement shall be paid solely from the Monetary Component.   The $8,500,000 Monetary Component as described above shall be the total amount owed by TJX in settlement.  TJX will not be obligated to pay any additional sums, and shall have no other monetary liability for any costs or expenses related to this Settlement, including without limitation the costs of administering the Settlement, preparation of Notice, oversight and reporting of the Notice program, establishing the appropriate website, any escrow or QSF expenses, tax filing and distributions.  All such costs shall be included within and paid from the Notice and Administrative Costs Portion of the Monetary Component.  For clarity, all costs of the QSF, as described in Paragraphs 9.1 through 9.8 of this Agreement, shall be paid from said Monetary Component.

3.3     Each Claimant who receives any value paid in accordance with this Agreement is responsible for any taxes associated with the monies received by that recipient.  If required by applicable law, the QSF shall issue 1099s to Class Counsel (for payments of Attorneys' Fees and Costs awarded by the Court) and to the Class Representative for any Class Representative Enhancement Payment authorized by the Court.

Injunctive Relief

3.4     Amended Disclosure.  TJX will change the disclosure/definition of its "Compare At" pricing on its T.J. Maxx, Marshalls and HomeGoods websites and California in-store signage.  Consistent with the other conditions in this Agreement, including without limitation Paragraph 3.5 herein, TJX's amended disclosure shall include language indicating that:

(a)     TJX's comparison prices are references to identical items or similar items.

(b)     Where TJX's comparison price refers to an identical item, TJX is reasonably certain that the comparison price does not appreciably exceed the price at which substantial sales of the item are being made in the area.

(c) Where the Compare At price refers to a similar item, that item is of essentially similar quality and the comparison price does not appreciably exceed the price at which substantial sales of the similar item are being made in the area. Nothing herein requires TJX to use any particular words or phrases to convey the foregoing.

3.5   Compliance with Law. TJX agrees that its comparison pricing practices in California as of the date of this Agreement, and continuing forward, will not violate then-existing Federal or California law, including California's specific price-comparison advertising statutes and FTC regulations, including without limitation, the FTC Pricing Guides, 16 C.F.R. §233.2. TJX also agrees that any Compare At or other comparison price to which TJX refers in its price comparison advertising in California will comply and be consistent with the terms of this Agreement.

(a)   To the extent that TJX chooses to engage in comparative value advertising as contemplated by the Federal Trade Commission Guideline 16 C.F.R. § 233.2(a), it shall base comparison prices on the actual retail prices at which substantial sales of the identical item are being made in the area.

(b)   To the extent that TJX chooses to engage in comparative value advertising as contemplated by the Federal Trade Commission Guideline 16 C.F.R. § 233.2(c), it shall base comparison prices on the actual retail prices at which substantial sales of the similar item are being made in the area.

3.6   Additional Signage.

(a)   "Compare At." To the extent that TJX continues to use the phrase "Compare At" on its price tags or in its other advertising, no later than thirty (30) days after the Settlement Effective Date (unless that date occurs between November 1, 2017 and February 1, 2018, in which case no later than February 28, 2018), it shall:

(i)   Post prominently a description of its comparison pricing practices at least (a) at or near the main entrance to all of its California stores

- 13 -

and (b) in a location where other store policies, such as the TJX's return policy, are posted in its California stores ("Primary Signage"), which description shall conform to Section 3.4 (above);

(ii)      Augment its Primary Signage with additional signage in its California stores (*e.g.* on fixtures, in fitting rooms, or in other heavily trafficked areas) that directs customers with any questions or seeking additional detail about TJX's comparison pricing practices to the Primary Signage, and/or to the stores' respective website ("Auxillary Signage"); and

(iii)     Not base any comparison price on an estimate not based on actual market prices, and instead shall base any comparison price on its buying staff's assessment of the market prices for the same or comparable goods.

(b)     "Comparable Value."  To the extent that TJX chooses to use the phrase "Comparable Value" in place of the phrase "Compare At" on its price tags or in its other advertising, TJX shall display a description of its comparison pricing practices at least (i) at or near the main entrance to all of its California stores and (ii) in a location where other store policies, such as the TJX's return policy, are posted in its California stores.

(c)     Other comparison pricing terms or phrases.  To the extent that TJX uses phrases other than "Compare At" or "Comparable Value" to describe comparison prices, TJX will fully comply with 16 C.F.R. § 233.2.

3.7     Monitoring, Training, and Auditing.  TJX's compliance program shall consist of periodic (no less than once a calendar year) monitoring, training and auditing to ensure compliance in its California T.J. Maxx, Marshalls and HomeGoods stores with California and Federal price comparison laws.

3.8     No Restriction on Speech.  Nothing in Paragraph 3.4 shall be interpreted to restrict TJX from communicating with its customers in a manner permitted by applicable law.

3.9    <u>Cure Provision</u>.  TJX shall use commercially reasonable efforts to comply with the provisions herein, including but not limited to instructing each of its California stores to comply with signage requirements. Any non-compliance with the Agreement may be reported to TJX's Legal or Customer Service Department.  Non-compliance will not be considered a breach of this Agreement if cured within 30 days after it is first reported to TJX's Legal or Customer Service Department.  All parties and signatories to the settlement agreement in this case shall make any such report directly to TJX's Legal Department.

## 4.    Notice to the Class

4.1    Given the expected size of the Settlement Class, the Parties agree that direct notice via email is the best practicable notice for those Settlement Class Members for which such information exists.  Where only a physical mailing address is available for a Settlement Class Member, or for all Settlement Class Members whose Email Notice was not deliverable and a physical mailing address is known, a Postcard Notice shall be mailed by first class mail.  Recognizing that there are Settlement Class Members for whom neither email nor physical mailing addresses are available, notice by print publication and in-store posting as agreed to by the Parties and authorized by the Court will be used to supplement the Email and Postcard notices.

4.1.1    The Email and Postcard Notices shall advise Settlement Class Members of the deadline for submitting Claim Forms, their right to opt out of the Settlement or to object to the Settlement, the process by which such opt-outs or objections must be made, and the date set by the District Court for a hearing on final approval of the Settlement.  Subject to Court approval, the Email and Postcard Notices shall be substantially in the form attached hereto as <u>Exhibits 3 and 4</u>, respectively.

4.1.2    Because the sales made during the Settlement Class Period do not have corresponding customer names or addresses associated with them, the Parties agree that notice by publication and in-store posting would be the best practicable notice

**CLASS ACTION SETTLEMENT AGREEMENT**

1     for the balance of the Settlement Class. This "Publication Notice" shall include
2     instructions as to how to access the Settlement Website and how to request a Claim
3     Form and instructions on how to submit it. The Publication Notice shall also advise
4     Settlement Class Members of their right to opt out of the Settlement or to object to the
5     Settlement, the process and deadlines by which such opt-outs or objections must be
6     made and the date set by the Court for a hearing on final approval of the Settlement.
7     Subject to Court approval, the Publication Notice shall be substantially in the form
8     attached hereto as Exhibit 5.
9        4.1.3    Within fifty (50) days after the Court's preliminary approval of
10    the Settlement, TJX will post near the exit in each of its California T.J. Maxx, Marshalls,
11    and HomeGoods stores, a copy of the In-Store Notice (substantially in the form attached
12    as Exhibit 7) containing instructions as to how to access the Settlement Website and
13    how to request a Claim Form and instructions on how to submit it. These tear-away
14    notices shall remain posted in TJX's California T.J. Maxx, Marshalls, and HomeGoods
15    stores for at least ninety (90) days.
16       4.2    TJX will provide the Class List to the Claims Administrator in sufficient
17    time for Notice to go out. TJX and Plaintiffs agree that all Class List information shall
18    be treated as highly confidential proprietary information, and that the contents of the
19    Class List shall not be shared with third parties other than the Claims Administrator and
20    that the Claims Administrator and its agents, affiliates and/or subcontractor (if any) shall
21    be required to strictly preserve the confidentiality of the Class List.
22       4.3    The Email Notice shall be sent to Settlement Class Members within
23    thirty (30) days following the Court's preliminary approval of the Settlement, provided
24    that any challenges or other barriers to the use of Email Notice have been resolved. The
25    Postcard Notice shall be sent to Settlement Class Members within
26    fifty (50) days following the Court's preliminary approval of the Settlement. The
27    Publication Notice shall be published on the soonest practicable date after preliminary
28

**CLASS ACTION SETTLEMENT AGREEMENT**
64670079_1

1   approval by the Court, but in no event shall it commence more than ten (10) days after
2   the Postcard Notice is sent.

3       4.4   The Email and Postcard Notices, Claim Form, Opt-Out Request
4   Form, CAC, this Agreement, and other materials as agreed to by the Parties shall be
5   available on the Settlement Website.  The Claims Administrator shall also establish a
6   toll-free phone line and an email box to respond to inquiries from Settlement Class
7   Members.  The Settlement Website address, toll-free phone number, and email box
8   address will be included in all notices to the Class.

9   **5.   Submission of Claims**

10       5.1   In order to be eligible to receive a share of the Monetary Component, a
11   Settlement Class Member must submit a completed Claim Form within ninety (90) days
12   from the date Notice is disseminated.  Only those Settlement Class Members who
13   submit a valid and approved Claim Form shall be eligible to receive a Merchandise
14   Credit.  In order for a Claim Form to be considered timely, the Claims Administrator
15   must receive the completed Claim Form by 11:59 p.m. Pacific Time on the ninetieth
16   (90th) day from the date Notice is disseminated.  These deadlines shall be set forth
17   clearly in the Notice.

18       5.2   In order for a Claim Form to be approved, the Claimant must meet the
19   following criteria:

20           5.2.1   Claim Forms shall be executed, but need not be notarized.

21           5.2.2   Claimants will be directed to submit their Claim Forms
22   electronically on the Settlement Website, but also may submit them by regular mail.

23       5.3   Claim Forms and Opt-Out Request Forms shall be available on the
24   Settlement Website.  The Email Notice, the Postcard Notice and Publication Notice
25   shall direct Settlement Class Members to the Settlement Website which shall contain
26   the Claim Form, Opt-Out Request Form and other documentation concerning the
27   Litigation and Settlement.  Settlement Class Members may also request to receive a
28   Claim Form or Opt-Out Request Form via U.S. Mail.

- 17 -

**CLASS ACTION SETTLEMENT AGREEMENT**

5.4    Submission of more than one Claim Form, or submission of an incomplete Claim Form, may render the Claim Form submitted by that Settlement Class Member invalid.  The Claims Administrator shall send to all Settlement Class Members who have submitted an incomplete or duplicative Claim Form a notice of deficiency with instructions on how to cure the deficiency.  Settlement Class Members will have thirty (30) days to cure deficiencies.

5.5    Within twenty (20) days after the deadline to submit Claim Forms, the Claims Administrator shall provide a spreadsheet to Class Counsel and to TJX that contains sufficient information for the Parties to determine the number of approved Claims made by the members of the Settlement Class. The Claims Administrator shall also provide information regarding rejected Claims, as well as the reasons why each Claim was rejected.  The Claims Administrator shall retain the originals of all Claim Forms (including any envelopes with the postmarks) received from Claimants, and shall make copies of the originals available to TJX or Class Counsel within three (3) business days upon request.

5.6    Class Counsel and TJX shall each have the right to audit the information provided in any Claim Form, and to challenge the Claims Administrator's determinations regarding approval or denial of each Claim Form, in accordance with the following procedures:

5.6.1    Within fourteen (14) days of having received the information contemplated by Paragraph 5.5 of this Agreement, Class Counsel and TJX's counsel shall meet and confer regarding any issues that either Class Counsel or TJX believes need to be raised with the Claims Administrator.  Class Counsel and TJX agree to use their best efforts to resolve any disputes.  If Class Counsel and TJX cannot resolve these issues within twenty-eight (28) days of having received the information contemplated by Paragraph 5.5 of this Agreement, then Class Counsel or TJX may, within five (5) days of the expiration of the above twenty-eight (28) day period, provide

- 18 -

written notice of their intent to audit the Claims Administrator's determinations with respect to a particular Claim or Claims.

5.6.2 If the audit is filed with the Claims Administrator, the decision of the Claims Administrator may be appealed, within fourteen (14) days of receipt of the Claims Administrator's decision, to the District Court. All decisions by the District Court, or such person as the Court may direct, regarding audits shall be made expeditiously and are binding, final decisions which shall not be subject to appeal by any Party. If a decision by the Claims Administrators is not presented to the District Court or to such person as the Court may direct, within fourteen (14) days of issuance, the decision of the Claims Administrator becomes a binding, final decision not subject to further appeal.

5.6.3 Class Counsel and TJX may invoke their rights under these Paragraphs by providing written notice to each other and to the Claims Administrator. The notice shall identify the Claims that are the subject of the audit, and may be accompanied by supporting papers of no more than two (2) pages, double-spaced, 12-point type font (excluding exhibits).

5.6.4 Within fourteen (14) days of receipt of the notice and supporting papers, the non-auditing party may submit a written response of no more than two (2) pages, double-spaced, 12-point type font (excluding exhibits).

5.6.5 Given the cost of the audit process relative to the size of the individual claims, the Parties shall only appeal an audit decision to the Court, or to such person as the Court may direct, if the audit decision affects at least 10,000 Claims. Audit decisions by the Claims Administrator affecting less than 10,000 Claims shall be final and non-appealable.

5.6.6 Notice of audits and any paperwork submitted in support of, or in response to, any audit, and the decisions by the Claims Administrator may be served by e-mail or United States Mail.

CLASS ACTION SETTLEMENT AGREEMENT

**6.     Opt-Out Process**

6.1     A Settlement Class Member who wishes to exclude himself or herself from this Settlement and from the release of claims pursuant to this Settlement shall submit a Request to Opt Out.  For a Request to Opt Out to be accepted, it must be timely and valid.    To  be  timely,  it  must  be  postmarked  by  the  date  which  is  ninety (90) days after the last date Notice is disseminated.  To be valid, the Request to Opt Out must be signed and dated.  Opt-Out Request Forms, substantially similar to the attached Exhibit 6, shall  be  available  for  download  from  the  Settlement  Website  and,  upon request by a Settlement Class Member, made available by the Claims Administrator through First Class Mail.

6.2     A  Settlement  Class  Member  who  submits  a  Request  to  Opt  Out  is  not eligible to recover a share of the Monetary Component, except that if any Settlement Class Member submits both a Request to Opt Out and a Claim Form, the Request to Opt Out will be rejected, the Settlement Class Member will be treated as if they are still a  member of the class, and the Claim Form will be treated as valid, if it meets the requirements detailed above, and processed.

6.3     The  Claims  Administrator  shall  maintain  a  list  of  persons  who  have excluded themselves and shall provide such list to the Parties upon request.  The Claims Administrator  shall  retain  the  originals  of  all  Requests  to  Opt  Out  (including  the envelopes  with  the  postmarks)  received  from  Settlement  Class  Members,  and shall make copies of the originals available to TJX or Class Counsel within three (3) business days upon request.

6.4     TJX,  at  its  sole  discretion,  has  the  right  to  terminate  this  Settlement if more than five thousand (5,000) Class Members opt out of the Settlement Class, and notify Class Counsel in writing that it has elected to terminate this Agreement.  If this Agreement is terminated, it will be deemed null, void, and unenforceable.

**CLASS ACTION SETTLEMENT AGREEMENT**

64670079_1

**7.    Objection Process**

7.1    A Settlement Class Member who wishes to object to the Settlement must notify the District Court of his or her objection, in writing, within ninety (90) days of the last date Notice is disseminated.

7.2    To be considered valid, an objection must be in writing, must include the objector's name and address, and must include the basis for the objection, along with any and all documents that support the objection. The objection must also indicate whether or not the objector intends to appear at the hearing on the motion for final approval of the Settlement. The objection must be filed with the Court on or before the deadline in Section 7.1. Additional instructions regarding how to object to the Settlement are contained in the Notices.

7.3    Settlement Class Members who do not file a timely written objection in accordance with the procedures set forth in this Agreement shall be deemed to have waived any objections to the Settlement and shall forever be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement, or any aspect of the Settlement, including, without limitation, the fairness, reasonableness, or adequacy of the Settlement, or any award of Attorneys' Fees and Costs, reimbursement of costs and expenses and/or the Class Representative Enhancement Payments.

**8.    Distribution Process**

8.1    The Settlement shall be funded through the QSF in accordance with the provisions below. The timing of the payments by TJX to the QSF shall be as follows:

8.1.1    Within ten (10) business days following the date on which the District Court enters an order granting Preliminary Approval of the Settlement, or within ten (10) business days of the date on which the District Court enters an order approving the QSF, whichever is later, TJX shall transfer to the QSF 75% of the Administrative Costs Portion of the Monetary Component of the Settlement. TJX shall continue to periodically fund the QSF to cover additional Notice and Administration Costs, if required, up to the amount provided in Paragraph

- 21 -

3.1.2.   In the event that the Settlement Effective Date does not occur, any amounts actually used by the Claim Administrator for notice and administration shall not be refundable to TJX.   If, however, TJX has paid into the QSF monies for Notice and Administration, those amounts not used by the Claims Administrator shall be refunded to TJX.

        8.1.2    Within ten (10) business days following the Settlement Effective Date, TJX shall transfer to the QSF amounts sufficient to cover that portion of the Monetary Component comprising the Attorneys' Fees and Costs and Class Representative Enhancement Payments awarded by the Court.

        8.1.3    Within ninety (90) days following the Settlement Effective Date, TJX shall provide a sufficient number of plastic Merchandise Credits to the Claims Administrator for distribution to all Claimants.   A Merchandise Credit will entitle a Claimant to a pro rata share of the Monetary Component of the Settlement as described in Paragraph 3.1.1 above, on the terms provided for in Paragraph 1.13 above.   The Claims Administrator shall distribute the Merchandise Credits to Claimants within thirty (30) business days of receiving them from TJX.

    8.2    Distributions from the QSF shall be handled as follows:

        8.2.1    Other than for purposes of paying invoices submitted by the Claims Administrator, the QSF shall not distribute any payments required under this Agreement until after the Settlement Effective Date has occurred.

        8.2.2    Attorneys' Fees and Costs awarded by the Court and the Class Representative Enhancement Payments awarded by the Court shall be paid to the individuals or entities specified by the Court within five (5) business days of receipt by the QSF under Section 8.1.2 (unless the award is appealed by the attorneys or the class representatives).

## 9.    Qualified Settlement Fund

    9.1    At the times required by this Agreement, TJX shall transfer to a trustee selected jointly by Class Counsel and TJX (the "Trustee") the required portions of the

**CLASS ACTION SETTLEMENT AGREEMENT**

64670079_1

Monetary Component to be held in the QSF, which shall be a separate trust organized and operated as a qualified settlement fund as described in Treasury Regulation § 1.468B-1. Class Counsel and TJX jointly shall cause the Trustee and the Claims Administrator, as applicable, to take such steps as necessary to qualify the QSF as a qualified settlement fund under § 468B of the Internal Revenue Code, 26 U.S.C. § 468B, and the regulations promulgated pursuant thereto. TJX shall be considered the "transferor" within the meaning of Treasury Regulation § 1.468B-1(d)(1). The Claims Administrator shall be the "administrator" within the meaning of Treasury Regulation § 1.468B-2(k)(3). The Parties shall cooperate in securing an order of the Court to establish the QSF in accordance with the terms hereof in conjunction with its Preliminary Approval of the Settlement and Notice.

9.2    The Court shall retain jurisdiction over the administration of the QSF. TJX shall supply to the Claims Administrator the statement described in Treasury Regulation § 1.468B-3(e)(2) no later than February 15 of the year following each calendar year in which TJX makes a transfer to the QSF. In accordance with Treasury Regulation § 1.468B-3(c), the transfers to the QSF will satisfy the "all events test" and the "economic performance" requirement of § 1.461(h)(1) of the Internal Revenue Code, and Treasury Regulation 1.461-1(a)(2). Accordingly, TJX shall not include the income of the QSF in its income. Rather, in accordance with Treasury Regulation § 1.468B-2, the QSF shall be taxed on its modified gross income, excluding the sums transferred to it, and shall make payment of resulting taxes from its own funds. In computing the QSF's modified gross income, deductions shall be allowed for its administrative costs and other deductible expenses incurred in connection with the operation of the QSF as permissible pursuant to Treasury Regulation § 1.468B-2(b), including, without limitation, state and local taxes, and legal, accounting, and other fees relating to the operation of the QSF.

9.3    Upon establishment of the QSF, the Trustee or Claims Administrator, as appropriate, shall apply for an employer identification number for the QSF

- 23 -

**CLASS ACTION SETTLEMENT AGREEMENT**

1  utilizing Internal Revenue Service Form SS-4 and in accordance with Treasury

2  Regulation § 1.468B-2(k)(4).

3       9.4    If requested by either TJX or the Claims Administrator, the Claims

4  Administrator, the Trustee and TJX shall fully cooperate in filing a relation-back

5  election under Treasury Regulation § 1.468B-1(j)(2) to treat the QSF as coming

6  into existence as a settlement fund as of the earliest possible date.

7       9.5    Following its deposits as described in this Agreement, TJX shall have no

8  responsibility, financial obligation, or liability whatsoever with respect to the

9  notifications to the Class required hereunder, the processing of Claims and Opt-Out

10  Requests, the allowance or disallowance of claims by Claimants, payments to Class

11  Counsel, investment of QSF funds, payment of federal, state, and local income,

12  employment, unemployment, excise, and other taxes imposed on the QSF or its

13  disbursements, or payment of the administrative, legal, accounting, or

14  other costs occasioned by the use or administration of the QSF, since it is agreed

15  that such deposits shall fully discharge TJX's obligations to Claimants and Class

16  Counsel and for expenses of administration in respect to the disposition of the Monetary

17  Component hereunder.  Rather, the Claims Administrator shall have sole authority and

18  responsibility for the administration of such funds and income

19  thereon, disbursement to Claimants and Class Counsel, and payment of taxes and

20  administrative costs in accordance with the provisions hereof, subject only to the rights

21  of TJX or Class Counsel to audit determinations of the Claims

22  Administrator in accordance with this Agreement or to seek redress for

23  any breach of the terms hereof.

24       9.6    The Claims Administrator shall cause to be timely and properly filed,

25  on behalf of the QSF, all required federal, state, and local tax returns, information

26  returns and tax withholdings statements in accordance with the provisions of

27  Treasury Regulation § 1.468B-2(k) and Treasury Regulation § 1.468B-2(1)(2), as

28  well as the timely and proper payments of any federal, state, or local taxes

**CLASS ACTION SETTLEMENT AGREEMENT**

1  (including estimated taxes) and associated tax-related penalties and interest for

2  which the QSF may be liable. The Claims Administrator shall also be responsible

3  for the timely and proper response to any questions from, or audits regarding, such taxes

4  by the IRS or any state or local tax authority, as well as compliance with any other tax-

5  related requirements. The Claims Administrator may, at its own expense, retain legal

6  counsel and an independent, certified public accountant to consult with and advise the

7  Claims   Administrator   or   the   Trustee   with   respect   to   the   preparation

8  and filing of such materials and the federal, state and local tax compliance of the

9  QSF. Either TJX or the Claims Administrator, independently or jointly, may, but are

10  not required to, apply to the Internal Revenue Service and/or any applicable

11  state taxing authority for an advance ruling as to any issue pertinent to the qualification

12  of the QSF under Internal Revenue Code § 468B and Treasury Regulations promulgated

13  thereunder, its tax status under applicable state law, and/or its tax payment, reporting

14  and   withholding   duties. _   Settlement   Class   Members   shall

15  be responsible for payment of appropriate federal, state, and local income taxes on

16  any claim paid out pursuant to this Agreement. If, in any such ruling or otherwise, it is

17  determined that TJX has any responsibility whatsoever for payment of any federal, state

18  or local tax on any claim paid out pursuant to this Agreement, then TJX shall have the

19  right to terminate this Agreement. The Parties agree that no portion of any distributions

20  from the QSF to the Settlement Class Members is made in satisfaction of any excluded

21  liability as described in Treasury Regulation § 1.468B-1(g) related to Qualified

22  Settlement Funds. Notwithstanding any effort, or failure, of the Parties, the Trustee or

23  the Claims Administrator to treat the QSF as a qualified settlement fund within the

24  meaning of Treasury Regulation § 1.468B-1, any additional tax liability, interest, or

25  penalties incurred by TJX resulting from income earned by the QSF shall be reimbursed

26  from the QSF in the amount of such additional tax liability, interest or penalties upon

27  TJX's written request to the Claims Administrator.

28

**CLASS ACTION SETTLEMENT AGREEMENT**

9.7    The taxable year of the QSF shall be the calendar year in accordance with Treasury Regulation § 1.468B-2(j).  The QSF shall utilize the accrual method of accounting within the meaning of § 446 (c) of the Internal Revenue Code.

9.8    The Claims Administrator may amend, either in whole or in part, any administrative provision of this Section or the trust instrument through which the QSF is established to maintain the qualification of the QSF pursuant to the above described authorities provided that the rights and liabilities of the Parties hereto and the Class are not altered thereby in any material respect.

**10.    Comprehensive Waiver, Release, and Dismissal**

10.1    <u>Settlement Class Member Released Claims</u> - Released by Settlement Class Members:

10.1.1    Subject to final approval by the Court of the Settlement Agreement, and for good and valuable consideration set forth herein, the receipt and sufficiency of which is hereby acknowledged, all Releasing Settlement Class Members do hereby irrevocably release, acquit, and forever discharge TJX (and all past and present affiliates, parents or subsidiaries, officers, directors, employees, agents, and attorneys) against any and all claims, rights, penalties, demands, damages, costs and expenses (including attorneys' fees and costs, other than those costs and expenses required to be paid pursuant to this Agreement), causes of action, or liability of any kind arising out of or in connection with all of the claims or causes of action that were made or could have been made in this Litigation or in any other forum relating, in whole or in part, to the alleged acts, omissions, facts, matters, transactions, circumstances asserted in the Litigation, including assertions that TJX has used false or misleading Compare At price advertising on TJX price tags on items sold at TJX stores in California during the Class Period.

10.1.2    The Settlement Class Member Released Claims includes a release of all claims for Attorneys' Fees and Costs incurred by Releasing Settlement Class

- 26 -
**CLASS ACTION SETTLEMENT AGREEMENT**
64670079_1

1 Members or by Class Counsel or any other attorney in connection with the Litigation
2 and this Settlement.

3        10.1.3   Releasing Settlement Class Members understand and agree that
4 the release of the Settlement Class Member Released Claims is a full and final
5 general release applying to both those Settlement Class Member Released Claims that
6 are currently known, anticipated, or disclosed to Releasing Settlement Class Members
7 and to all those Settlement Class Member Released Claims that are presently unknown,
8 unanticipated, or undisclosed to any Releasing Settlement Class Members arising out
9 of the alleged facts, circumstances, and occurrences underlying: (i) the claims set forth
10 in the Litigation; or (ii) TJX's conduct with respect to the Litigation.   Releasing
11 Settlement Class Members acknowledge that the facts could be different than they now
12 know or suspect to be the case, but they are nonetheless releasing all such unknown
13 claims.   In exchange for the good and valuable consideration set forth herein, all
14 Releasing Settlement Class Members further waive any and all rights or benefits that
15 they as individuals or the class may now have as a result of the alleged facts,
16 circumstances, and occurrences underlying the claims set forth in the Litigation under
17 the terms of § 1542 of the California Civil Code (or similar statute in effect in any other
18 jurisdiction), which provides as follows:

19 **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS**
20 **WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO**
21 **EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING**
22 **THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST**
23 **HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT**
24 **WITH DEBTOR.**

25        10.2   TJX's Released Claims - Release by TJX:

26        10.2.1   Subject to final approval by the Court of the Settlement, and for
27 good and valuable consideration set forth herein, the receipt and sufficiency of which
28 is hereby acknowledged, TJX does hereby irrevocably release, acquit, and forever

- 27 -

**CLASS ACTION SETTLEMENT AGREEMENT**

1    discharge all Releasing Settlement Class Members of and from any and all claims,

2    rights, penalties, demands, damages, debts, accounts, duties, attorneys' fees, costs and

3    expenses, liens, charges, complaints, causes of action, obligations, or liability that could

4    have been asserted but were not asserted as a compulsory counterclaim against

5    Releasing Settlement Class Members in this Litigation.

6         10.2.2 TJX understands and agrees that the release of the TJX's Released Claims

7    is a full and final general release applying to both those TJX's Released Claims that are

8    currently known, anticipated, or disclosed to TJX and to all those TJX's Released

9    Claims that are presently unknown, unanticipated, or undisclosed to TJX arising out of

10   the alleged facts, circumstances, and occurrences, underlying any compulsory

11   counterclaim that could have been asserted in the Litigation. TJX acknowledges that

12   the facts could be different than it now knows or suspects to be the case, but it is

13   nonetheless releasing all such unknown counterclaims. In exchange for the good and

14   –valuable consideration set forth herein, TJX further waives any and all rights or benefits

15   that it may now have as a result of the alleged facts, circumstances, and occurrences

16   underlying such a potential compulsory counterclaim under the terms of § 1542 (a) of

17   the California Civil Code (or similar statute in effect in any other jurisdiction), which

18   provides as follows:

19         **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS**

20   **WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO**

21   **EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING**

22   **THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST**

23   **HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT**

24   **WITH DEBTOR.**

25         10.3  The Parties acknowledge that this Settlement, including the releases

26   provided in this section, reflects a compromise of disputed claims.

27         10.4  The Final Judgment shall dismiss the Litigation with prejudice as to TJX

28   and shall incorporate the terms of this release.

**CLASS ACTION SETTLEMENT AGREEMENT**

**11.    Duties of The Parties With Respect to Preliminary Court Approval**

11.1    On or before September 18, 2017, or such other date as the Court approves, Class Counsel shall apply to the District Court for the entry of an order granting Preliminary Approval of the Settlement substantially in the following form:

11.1.1    Conditionally certifying the Settlement Class;

11.1.2    Preliminarily approving the Settlement;

11.1.3    Approving as to form and content the proposed notices and notice plan, including the Email, Postcard and Publication Notices, Claim Form and Opt-Out Request Form;

11.1.4    Scheduling a fairness hearing on the question of whether the proposed Settlement should be finally approved as fair, reasonable, and adequate as to the Settlement Class;

11.1.5    Approving Staci Chester, Robin Berkoff, Daniel Friedman, and Theresa Metoyer as Settlement Class Representatives;

11.1.6    Approving as Class Counsel for the Settlement Class, Douglas Caiafa of DOUGLAS CAIAFA, A Professional Law Corporation, Christopher J. Morosoff of the LAW OFFICE OF CHRISTOPHER J. MOROSOFF, and Greg K. Hafif of the LAW OFFICE OF HERBERT HAFIF; and

11.1.7    Approving JND as Claims Administrator.

11.2    TJX shall cooperate with Class Counsel as reasonably necessary to obtain Preliminary Approval.

**12.    Duties of The Parties Following Preliminary Court Approval**

12.1    Following preliminary approval by the District Court of the Settlement, and prior to the final fairness hearing, Class Counsel will submit a proposed Final Judgment that will be agreed to by the Parties.  The proposed Final Judgment shall:

12.1.1    Approve the Settlement, adjudging the terms thereof to be fair, reasonable, and adequate, and directing consummation of its terms and provisions;

1            12.1.2    Approve Class Counsel's application for an award of

2 Attorneys' Fees and Costs;

3            12.1.3    Approve the Class Representative Enhancement Payments;

4            12.1.4    Certify the Settlement Class for Settlement purposes only in

5 accordance with applicable legal standards and this Agreement; and

6            12.1.5    Dismiss this Litigation between the Class Representatives and the

7 Settlement Class Members, on the one hand, and TJX on the other hand, on the merits

8 and with prejudice and permanently bar the Class Representatives, and all Settlement

9 Class Members (other than those who timely filed valid Opt-Out

10 Requests) from further prosecuting any of the Settlement Class Member Released

11 Claims against TJX.

12      12.2   TJX shall cooperate with Class Counsel as necessary to obtain final

13 approval and the dismissal with prejudice of the Litigation as to TJX.

14      12.3   The Final Judgment shall not be considered final until the occurrence of

15 the Settlement Effective Date.

16 **13.**    **Mutual Full Cooperation**

17      13.1   The Parties agree to cooperate fully with each other to accomplish the

18 terms of this Settlement, including but not limited to execution of all necessary

19 documents, and to take such other action as may reasonably be necessary to implement

20 the terms of this Settlement. The Parties shall use their best efforts, including all efforts

21 contemplated by this Settlement and any other efforts that may become necessary by

22 order of the Court or otherwise, to effectuate the terms of this Settlement. As soon as

23 practicable after execution of this Agreement, Class Counsel shall, with the assistance

24 and cooperation of TJX and its counsel, take all necessary steps to secure the Court's

25 Final Judgment.

26 **14.**    **Statement of No Admission**

27      14.1   Nothing contained in this Agreement or Settlement shall be construed or

28 deemed an admission of liability, culpability, or wrongdoing. TJX expressly denies

**CLASS ACTION SETTLEMENT AGREEMENT**

64670079_1

liability for the claims asserted and specifically denies and does not admit any of the pleaded facts not admitted in its pleadings in the Litigation.  Nor shall this Agreement or Settlement constitute an admission by TJX as to any interpretation of laws or as to the merits, validity, or accuracy of any claims made against it in the Litigation. Likewise, nothing in this Agreement shall be construed or deemed an admission by Class Representatives or the Settlement Class with regard to the validity of any of TJX's defenses or affirmative defenses.  Each of the Parties has entered into this Agreement and Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

14.2   This Agreement, and all related documents, the certification for settlement purposes entered pursuant to this Agreement, and any Claim Forms, Requests to Opt-Out or Objections submitted by Settlement Class Members and all other actions taken in implementation of the Settlement, including any statements, discussions, or communications, and any materials prepared, exchanged, issued, or used during the course of the negotiations leading to this Agreement, are settlement documents and shall be inadmissible in evidence and shall not be used for any purpose in this Litigation or any other judicial, arbitral, administrative, investigative, or other court tribunal, forum, or proceeding, or any other litigation against TJX, for any purpose, except in an action or proceeding to approve, interpret, or enforce the terms of this Agreement.

14.3   The Claim Forms, Opt-Out Requests or Objections, or other evidence produced or created by any Settlement Class Member in connection with the claims resolution procedures pursuant to this Settlement, and any actions taken by TJX in response to such Claim Forms, Opt-Out Requests, Objections, or other evidence, do not constitute, and will not be deemed to constitute an admission by TJX of any violation of any federal, state, or local law, statute, ordinance, regulation, rule, or executive order, or any obligation or duty at law or in equity.

CLASS ACTION SETTLEMENT AGREEMENT

64670079_1

**15.    Voiding The Agreement**

15.1   In the event that this Settlement is not approved, or if for any reason the Settlement Effective Date does not occur, the Agreement shall be deemed null, void, and unenforceable and shall not be used nor shall it be admissible in any subsequent proceedings either in this Court or in any other judicial, arbitral, administrative, investigative, or other court, tribunal, forum, or other proceeding, or other litigation against TJX, except in an action or proceeding to approve, interpret, or enforce the terms of this Agreement.

15.2   In the event that the Court does not approve the Attorneys' Fees and Costs in the amount requested by Class Counsel, or in the event that the Attorneys' Fees and Costs requested by Class Counsel are reduced, that finding shall not be a basis for rendering the entire Agreement null, void, or unenforceable.  Class Counsel retains their right to appeal any decision by the Court regarding the Attorneys' Fees and Costs or Enhancement Award.

**16.    Authority to Execute**

16.1   The respective signatories to this Agreement each represent that they are fully authorized to enter into this Settlement on behalf of the respective Parties for submission to the Court for preliminary and final approval.

**17.    No Prior Assignments**

17.1   The Parties represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber, to any person or entity any portion of any liability, claim, demand, action, cause of action, or right released and discharged in this Settlement.

**18.    Miscellaneous Provisions**

18.1   <u>Construction</u>.  The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive, arms-length negotiations between the Parties and that this Settlement shall not be construed in favor of or against any party

**CLASS ACTION SETTLEMENT AGREEMENT**

64670079_1

by reason of the extent to which any party or her or his counsel participated in the drafting of this Settlement.

18.2  <u>Captions and Interpretations</u>.  Paragraph titles or captions contained in this Agreement are a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement or any provision of this Agreement. Each term of this Agreement is contractual and not merely a recital.

18.3  <u>Modification</u>.  This Agreement may not be changed, altered, or modified, except in a writing signed by the Parties and approved by the Court.  Notwithstanding the foregoing, the Parties agree that any dates contained in this Agreement may be modified by agreement of the Parties without Court approval if the Parties agree and cause exists for such modification.  This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

18.4  <u>Integration Clause</u>.  This Agreement, the Exhibits hereto, and any other documents delivered pursuant hereto contain the entire agreement between the Parties relating to the resolution of the Litigation, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged in this Agreement.  No rights under this Settlement may be waived except in writing and signed by the Party against whom such waiver is to be enforced.

18.5  <u>Binding on Assigns</u>.  This Settlement shall be binding upon, and inure to the benefit of, the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

18.6  <u>Binding on Settlement Class Members</u>.  It is agreed that because the Settlement Class is large, it is impossible or impractical to have each Settlement Class Member execute this Agreement.  The Email, Postcard, and Publication Notices will provide all Settlement Class Members with a summary of the Settlement, and will advise all Settlement Class Members of the binding nature of the release.  Excepting only those Settlement Class Members who timely submit an Opt-Out Request, the

64670079_1

1   Email, Postcard, and Publication Notice shall have the same force and effect as if this

2   Agreement was executed by each Settlement Class Member.

3       18.7   <u>Counterparts</u>.  This Agreement may be executed by .pdf signature and in

4   any number of counterparts, and when each Party has signed and delivered to each other

5   at least one such counterpart, each counterpart shall be deemed an original, and, when

6   taken together with other signed counterparts, shall constitute one and the same

7   Agreement, which shall be binding upon and effective as to all Parties.

8       18.8   <u>Applicable Law</u>.   This Agreement shall be governed by California law

9   without regard to its choice of law or conflicts of law principles or provisions.

10   **19.   Disputes**

11       19.1   <u>Mediation</u>.   The Parties agree that they will first attempt to resolve any

12   disagreements or disputes over the implementation of the terms of the Settlement, this

13   Agreement, or any other documents necessary to effectuate the Settlement through

14   mediation with Hon. Margaret Nagle (Ret.) or through another mediator who is

15   mutually agreeable to the Parties.  In the event that one or more of the Parties institutes

16   a legal action, arbitration or other proceeding against any other Party or Parties to

17   enforce the provisions of this Settlement or to declare rights and/or obligations under

18   this Settlement, they will bear their own costs, expenses and attorney's fees.

19   **20.   Confidentiality**

20       20.1   Any and all negotiations related to this Agreement (including the

21   negotiations related to the drafting of this Agreement, and any negotiations prior to

22   preliminary approval or between the time of preliminary and final approval) will remain

23   strictly confidential and shall not be discussed with anyone other than the Class

24   Representatives and TJX, their retained attorneys, their accountants and financial or tax

25   advisers, the retained consultants, the Court, and the mediator Hon. Margaret Nagle

26   (Ret.) and her staff, unless otherwise agreed to by Class Counsel and TJX or unless

27   otherwise ordered by the Court.   The Parties will not issue any press_release or

28   equivalent, nor make any public statement, nor will they respond to any press or media

CLASS ACTION SETTLEMENT AGREEMENT

inquiry, other than to state that the case has been settled and to direct any member of the press or media to the Settlement Website, this Agreement, and the documents publicly filed in the Litigation. This provision does not prohibit the Parties from presenting to the Court as much information about their settlement negotiations as they mutually agree is necessary, or as the Court requires, to procure approval of this Settlement.

**21.   Documents and Discovery**

21.1      Within thirty (30) days after a final, non-appealable Judgment is entered disposing of all claims in the Litigation, Class Counsel agrees to take steps necessary to destroy or erase all documents and data provided by TJX in the Litigation. Upon request from TJX, Class Counsel shall certify in writing to TJX their compliance with this provision. Nothing in this provision or Agreement shall prohibit Class Counsel from retaining a case file, including all pleadings, motion papers, court filings, deposition transcripts, legal memoranda, correspondence, notes, and work product, so long as any exhibits to such documents which contain documents or data marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" continue to be treated as such under the Protective Order in this case.

**CLASS ACTION SETTLEMENT AGREEMENT**

FOR PLAINTIFFS AND THE PLAINTIFF CLASS

Dated: _____9/15/17_____    By: _____
                                Douglas Caiafa
                                Douglas Caiafa, A Professional Law
                                Corporation Counsel for the Class

Dated: ___September 15, 2017___    By: _____
                                Christopher J. Morosoff
                                Law Office of Christopher J. Morosoff
                                Counsel for the Class

Dated: ___Sept. 15, 2017___    By: _____
                                Greg K. Hafif
                                Law Office of Herbert Hafif
                                Counsel for the Class

Dated: _____    By: _____
                                Staci Chester

Dated: _____    By: _____
                                Robin Berkoff

Dated: _____    By: _____
                                Daniel Friedman

Dated: _____    By: _____
                                Theresa Metoyer

- 36 -

64670079_1

FOR PLAINTIFFS AND THE PLAINTIFF CLASS

Dated: _____     By: _____
                                   Douglas Caiafa
                                   Douglas Caiafa, A Professional Law
                                   Corporation Counsel for the Class

Dated: _____     By: _____
                                   Christopher J. Morosoff
                                   Law Office of Christopher J. Morosoff
                                   Counsel for the Class

Dated: _____     By: _____
                                   Greg K. Hafif
                                   Law Office of Herbert Hafif
                                   Counsel for the Class

Dated: _9-13-17_____           By: _____
                                   Staci Chester

Dated: _____     By: _____
                                   Robin Berkoff

Dated: _____     By: _____
                                   Daniel Friedman

Dated: _____     By: _____
                                   Theresa Metoyer

- 36 -

CLASS ACTION SETTLEMENT AGREEMENT

64670079_1

FOR PLAINTIFFS AND THE PLAINTIFF CLASS

Dated: _____     By: _____

                                       Douglas Caiafa
                                       Douglas Caiafa, A Professional Law
                                       Corporation Counsel for the Class

Dated: _____     By: _____

                                       Christopher J. Morosoff
                                       Law Office of Christopher J. Morosoff
                                       Counsel for the Class

Dated: _____     By: _____

                                       Greg K. Hafif
                                       Law Office of Herbert Hafif
                                       Counsel for the Class

Dated: _____     By: _____

                                       Staci Chester

Dated: 9-15-17     By: _____

                                       Robin Berkoff

Dated: _____     By: _____

                                       Daniel Friedman

Dated: _____     By: _____

                                       Theresa Metoyer

FOR PLAINTIFFS AND THE PLAINTIFF CLASS

Dated: _____        By: _____
                                    Douglas Caiafa
                                    Douglas Caiafa, A Professional Law
                                    Corporation Counsel for the Class

Dated: _____        By: _____
                                    Christopher J. Morosoff
                                    Law Office of Christopher J. Morosoff
                                    Counsel for the Class

Dated: _____        By: _____
                                    Greg K. Hafif
                                    Law Office of Herbert Hafif
                                    Counsel for the Class

Dated: _____        By: _____
                                    Staci Chester

Dated: _____        By: _____
                                    Robin Berkoff

Dated: 9-13-17                  By: _____
                                    Daniel Friedman

Dated: _____        By: _____
                                    Theresa Metoyer

- 36 -

**CLASS ACTION SETTLEMENT AGREEMENT**

64670079_1

FOR PLAINTIFFS AND THE PLAINTIFF CLASS

Dated: _____        By: _____
                                   Douglas Caiafa
                                   Douglas Caiafa, A Professional Law
                                   Corporation Counsel for the Class

Dated: _____        By: _____
                                   Christopher J. Morosoff
                                   Law Office of Christopher J. Morosoff
                                   Counsel for the Class

Dated: _____        By: _____
                                   Greg K. Hafif
                                   Law Office of Herbert Hafif
                                   Counsel for the Class

Dated: _____        By: _____
                                   Staci Chester

Dated: _____        By: _____
                                   Robin Berkoff

Dated: _____        By: _____
                                   Daniel Friedman

Dated: _9-15-17_              By: _____
                                   Theresa Metoyer

- 36 -

FOR DEFENDANTS

Dated:  9.14.17

By _____

The TJX Companies, Inc.
T.J. Maxx of CA, LLC
Marshalls of CA, LLC,
HomeGoods, Inc.

By:  Alicia C. Kelly

Its:  Executive Vice
President, General
Counsel & Secretary

CLASS ACTION SETTLEMENT AGREEMENT

64670079_1

# EXHIBIT 1

# TJX Settlement
# Claim Form

If you purchased one or more items from a T.J. Maxx, Marshalls, or HomeGoods store in California between July 17, 2011 and **[DATE]**, with a TJX price tag that included a Compare At price, and you have not received a refund or credit for all of your purchases, you may be eligible to receive benefits from a Settlement with TJX. You need to submit this Claim Form if you want to receive a credit that can be used to purchase items at a T.J Maxx, Marshalls, or HomeGoods store in California. The credit can be redeemed for cash in an amount equal to 75% of the Merchandise Credit at the time of its issuance for up to one year after issuance by returning the Merchandise Credit unused to the Claims Administrator. The deadline to file a claim is **[DATE]**.

The amount of the store credit will be determined based on the number of people who submit a claim, as detailed in the Settlement Agreement and in the Notice of Class Action Settlement. Additional information regarding the formula and the Settlement can be found at www.tjxSettlement.com.

To claim a store credit you may submit the Claim Form online at www.tjxSettlement.com, or if you are unable to submit online, you may send the Claim Form by U.S. Mail. If submitting by U.S. Mail, print and complete this Claim Form and mail it to the following address postmarked on or before **[DATE]**.

TJX Claims Administrator

C/O JND Legal Administration

P.O. Box 6878

Broomfield, CO 80021

**Please Complete Each Section On The Following Page In The Space Provided**

| SECTION I- CONTACT INFORMATION | |
|---|---|
| Name (First/Last) | |
| Street Address | |
| City, State, Zip Code | |
| Phone Numbers (primary) | |
| Current E-Mail Address | |

**SECTION II: AWARD DELIVERY PROCESS**

You will receive a store credit delivered through the U.S. Mail.

**SECTION III: AFFIRMATION**

I hereby affirm, under penalty of perjury, that I purchased one or more items from a T.J. Maxx, Marshalls, or HomeGoods store in California between July 17, 2011 and **[DATE]**, with a TJX price tag that included a Compare At price, and I have not received a refund or credit for all of my purchase.

The information I have provided in this Claim Form is true and correct to the best of my knowledge and this is the only TJX Claim Form that I have submitted. I further understand, acknowledge, and agree that I am eligible to receive only ONE payment from this Settlement based on all my purchases from TJX. I further understand, acknowledge, and agree that the amount I will receive shall be calculated according to the terms of the Settlement Agreement and subject to the terms of the Settlement Agreement, including the release of claims.

Date: _____       Signature: _____

# EXHIBIT 2

**LONG FORM NOTICE (WEBSITE)**

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

# If you made a purchase at a T.J. Maxx, Marshalls, or HomeGoods store in California, your rights may be affected by and you could receive a store credit or cash payment from a class action settlement.

*A federal Court authorized this Notice. This is not a solicitation from a lawyer.*

- A class action settlement has been reached in a lawsuit that alleges The TJX Companies, Inc., T.J. Maxx of CA, LLC, Marshalls of CA, LLC, and HomeGoods, Inc. ("TJX") used false or misleading Compare At pricing advertisements. TJX denies that it used false or misleading price comparison advertising or that it has done anything wrong. The Court has not decided who is right.

- You may be included in the Settlement if you purchased one or more items from a T.J. Maxx, Marshalls, or HomeGoods store in California between July 17, 2011 and **[DATE]**, with a TJX price tag that included a Compare At price, and you have not received a refund or credit for all of your purchase.

- Your legal rights are affected whether you act or not. This Notice includes information on the Settlement and your rights. Please read the entire Notice carefully.

- The Court in charge of the case still has to decide whether to approve the Settlement with TJX.

| Your Rights and Options in this Settlement: | | |
|---|---|---|
| **FILE A CLAIM FORM** | This is the only option that allows you to get a store credit or cash payment if you qualify. | *See Question* ___ |
| **OBJECT** | Write to the Court with reasons why you do not like the Settlement and why you do not think it should be approved. | *See Question* ___ |
| **GO TO A HEARING** | Go to a court hearing and ask to speak about the Settlement. | *See Question* ___ |
| **ASK TO BE EXCLUDED** | This is the only option that allows you to be part of a separate lawsuit against TJX for the claims resolved by this Settlement. | *See Question* ___ |
| **DO NOTHING** | You will not get a store credit or cash payment from this Settlement and you will give up certain legal rights. | *See Question* ___ |

64670079_1

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION** .......................................................................................................... XX

   1.  Why is this notice being provided? .............................................................. XX

   2.  What is the lawsuit about? .......................................................................... XX

   3.  What is a class action? ................................................................................ XX

   4.  Why is there a Settlement? ......................................................................... XX

**THE SETTLEMENT CLASS – WHO IS INCLUDED** ...................................................... XX

   5.  How do I know if I am part of the Settlement? ........................................... XX

   6.  Are there exceptions to being included? ..................................................... XX

   7.  What does the Settlement provide? .............................................................. XX

   8.  Tell me more about the Merchandise Credits .............................................. XX

   9.  How can I get benefits? ............................................................................... XX

   10.  When will I get benefits? ........................................................................... XX

   11.  What am I giving up to get a store credit or to stay in the Settlement Class? ................... XX

   12.  What are the Released Claims? .................................................................. XX

**EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS** ......................................... XX

   13.  What if I don't want to be part of the Settlement? ..................................... XX

   14.  How do I exclude myself from the Settlement? .......................................... XX

   15.  If I exclude myself, can I still get a Merchandise Credit from the Settlement? ................ XX

   16.  If I do not exclude myself, can I sue TJX for the same thing later? ............ XX

**OBJECTING TO THE SETTLEMENT** ......................................................................... XX

   17.  How do I tell the Court if I disagree with part of the Settlement? .............. XX

   18.  What is the difference between objecting and excluding myself from the Settlement? ........... XX

**IF YOU DO NOTHING** .......................................................................................... XX

   19.  What happens if I do not do anything? ....................................................... XX

**THE LAWYERS REPRESENTING YOU** ...................................................................... XX

   20.  Do I have a lawyer in this case? ................................................................. XX

   21.  How will the lawyers get paid? .................................................................. XX

**THE COURT'S FAIRNESS HEARING** ...................................................................... XX

   22.  When and where will the Court decide whether to approve the Settlement? ................... XX

   23.  Do I have to come to the hearing? .............................................................. XX

   24.  May I speak at the hearing? ....................................................................... XX

**GETTING MORE INFORMATION** ........................................................................... XX

   25.  How do I get more Information? ................................................................ XX

## BASIC INFORMATION

| 1. | Why is this notice being provided? |
|---|---|

*You have the right to know about the lawsuit and about your legal rights and options before the Court decides whether to approve the Settlement.*

The Court in charge of the case is the United States District Court for the Central District of California, and the case is called *Staci Chester, et al. v. The TJX Companies, Inc. et al.*, Case No. 5:15-cv-01437-ODW-DTBx.  The persons who sued are Staci Chester, Robin Berkoff, Daniel Friedman, and Theresa Metoyer, and they are called the Plaintiffs.  The entities the Plaintiffs sued are The TJX Companies, Inc., T.J. Maxx of CA, LLC, Marshalls of CA, LLC, and HomeGoods, Inc., and they are called the Defendants or TJX.  U.S. District Judge Otis D. Wright, II in the United States District Court for the Central District of California is in charge of this class action.

For     More     Information:     Call     1-855-225-9282     or Visit www.tjxSettlement.com

| 2. | What is the lawsuit about? |
|---|---|

The lawsuit alleges that TJX engaged in false or misleading price comparison advertising through the Compare At prices on TJX price tags in its California stores between July 17, 2011, and **[DATE]** in violation of various California laws that prohibit false advertising and unfair competition. TJX denies: (1) that it used false or misleading price comparison advertising; (2) that it has done anything wrong; and (3) that the Plaintiffs or consumers have been harmed in any way. The Court has not decided who is right.

| 3. | What is a class action? |
|---|---|

In a class action, one or more people, called Class Representatives (in this case, Staci Chester, Robin Berkoff, Daniel Friedman, and Theresa Metoyer) sue on behalf of people who have similar claims. All of the people with similar claims comprise the "Class" and are referred to as "Class Members," except for those who exclude themselves from the class.

| 4. | Why is there a Settlement? |
|---|---|

This consolidated class action case has been pending since September 2015. TJX is not admitting that it did anything wrong, but both sides want to avoid the cost and risk of further litigation. The Court has not decided the merits of the action in favor of the Plaintiffs or TJX. The Class Representatives and their attorneys think the Settlement is best for everyone who is affected. The Settlement provides the opportunity for benefits to Class Members.

THE SETTLEMENT CLASS – WHO IS INCLUDED

| 5. | How do I know if I am part of the Settlement? |
|---|---|

The Settlement Class includes the following persons: All persons who purchased one or more items from a T.J. Maxx, Marshalls, or HomeGoods store in California between July 17, 2011 and **[DATE]** (the "Class Period"), with a TJX price tag that included a Compare At price, and who have not received a refund or credit for all of their purchases.

| 6. | Are there exceptions to being included? |
|---|---|

Yes. Excluded from the Settlement Class are Defendants, as well as their officers, employees, agents or affiliates, and any judge who presides over this action, as well as all past and present employees, officers and directors of TJX.

| 7. | What does the Settlement provide? |
|---|---|

Class Members will receive TJX Merchandise Credit paid from what is remaining of a $8,500,000 settlement fund after deducting the costs of administering the Settlement of up to $1,000,000, court-approved attorneys' fees and costs of up to 25% of the settlement fund ($2,125,000 in fees and costs up to $50,000), and payments to the Class Representatives (up to $7,500.00, per Class Representative for a total of $30,000.00). The amount of the TJX Merchandise Credit will be based on the amount of money left in the settlement fund after making the deductions listed above and the total number of valid claims filed (see Question ____).

| 8. | Tell me more about the Merchandise Credits. |
|---|---|

Merchandise Credits can be used to purchase any item in any T.J. Maxx, Marshalls, or HomeGoods store in California. More than one Merchandise Credit may be used at a time and they may be used in conjunction with other promotional discounts that are otherwise available with the use of gift cards or merchandise credits. Merchandise Credits do not expire. You may give your Merchandise Credit to someone else, but you cannot resell it. You may exchange it for cash in an amount equal to 75% of the Merchandise Credit at the time of its issuance for up to one year after issuance by returning the Merchandise Credit to the Claims Administrator unused. Merchandise Credits that have previously been used for a purchase are not redeemable for cash.

| 9. | How can I get benefits? |
|---|---|

To ask for benefits, you need to complete and submit or mail a Claim Form by **[DATE]**. Claim Forms may be submitted online at www.tjxSettlement.com or printed from the website and mailed to the address on the form. Claim Forms are also available by calling 1-855-225-9282. Please read the Claim Form instructions carefully.

| 10. | When will I get benefits? |
|---|---|

Benefits will be distributed to Class Members after the Court grants "final approval" of the Settlement and after any appeals are resolved. The final approval hearing is scheduled to occur on **[DATE]**. If there are appeals to the final approval order, they can take time to resolve.

| 11. | What am I giving up to get a Merchandise Credit or to stay in the Settlement Class? |
|-----|-----|

Unless you exclude yourself, you are staying in the Settlement Class. This means that you will no longer be able to sue, continue to sue, or be part of any other lawsuit against TJX about the claims made in this lawsuit and released by the Settlement Agreement. You will be legally bound by all of the Court's orders, as well as the "Released Claims" (see next Question).

| 12. | What are the Released Claims? |
|-----|-----|

Released Claims means that all members of the Settlement Class who do not exclude themselves will irrevocably release, acquit, and forever discharge TJX (and all past and present affiliates, parents or subsidiaries, officers, directors, employees, agents, and attorneys) against any and all claims, rights, penalties, demands, damages, costs and expenses (including attorneys' fees and costs, other than those costs and expenses required to be paid pursuant to this Agreement and in connection with this Settlement), causes of action, or liability of any kind arising out of or in connection with all of the claims or causes of action that were made or could have been made in this Litigation or in any other forum relating, in whole or in part, to the alleged acts, omissions, facts, matters, transactions, circumstances asserted in the Litigation, including assertions that TJX used false or misleading Compare At pricing advertisements and thereby harmed consumers.

The Settlement Agreement, available at www.tjxSettlement.com describes the Released Claims and provides specific details about the Settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

| 13. | What if I don't want to be part of the Settlement? |
|-----|-----|

If you wish to keep your individual right to sue TJX about the claims in this case and released by this Settlement you must exclude yourself from the Settlement Class.

| 14. | How do I exclude myself from the Settlement? |
|-----|-----|

To exclude yourself from the Settlement Class, you must complete an Opt-Out Form. Opt-Out Forms are available at www.tjxSettlement.com or by calling 1-855-225-9282. You may also send a letter by mail stating:

- Your name, address, and telephone number,
- The name of the case (*Staci Chester v. The TJX Companies, Inc.*),

- A statement that you want to be excluded from this Settlement; and
- Your signature and date.

Your Opt-Out Form or letter must be mailed so it is postmarked no later than **[DATE], 2017**, to:

> TJX Settlement Exclusions
> P.O. 6878
> Broomfield, CO 80021

| 15. | **If I exclude myself, can I still get a Merchandise Credit from the Settlement?** |
|---|---|

No. If you exclude yourself, do not send in a Claim Form to ask for a Merchandise Credit. Once you exclude yourself, you are no longer eligible for the benefits that this Settlement provides. If you submit an Opt-Out Form or letter and a Claim Form, your exclusion request will be rejected and your Claim Form will be processed.

| 16. | **If I do not exclude myself, can I sue TJX for the same thing later?** |
|---|---|

No. Unless you exclude yourself, you give up any right to individually sue TJX for the claims made in this lawsuit and released by the Settlement Agreement.

### OBJECTING TO THE SETTLEMENT

| 17. | **How do I tell the Court if I disagree with part of the Settlement?** |
|---|---|

If you are a Class Member, you can object to the Settlement if you do not like it or a portion of it. You can give reasons why you think the Court should not approve the Settlement. The Court will consider your views before making a decision. To object, you must file a written objection with the Court. Your written objection must include:

- Your name and address;
- The name of the case (*Staci Chester v. The TJX Companies, Inc.*);
- The reason(s) why you object to the Settlement;
- Copies of all documents that support your objection, if applicable;
- A statement indicating whether you intend to appear at the Fairness Hearing (see Question ___); and
- Your signature and date.

Your objection must be postmarked no later than **[DATE], 2017** and mailed to:

> The United States District Court for the Central District of California
> Courtroom 5D – First Street
> 350 West First Street
> Los Angeles, CA 90012

You cannot object to the Settlement if you exclude yourself from the Settlement Class.

| 18. | What is the difference between objecting and excluding myself from the Settlement? |
|---|---|

Objecting is telling the Court that you do not like something about the proposed Settlement. Excluding yourself is telling the Court that you do not want to be part of the Class in this Settlement. If you exclude yourself, you have no basis to object or file a claim because the Settlement no longer applies to you.

### IF YOU DO NOTHING

| 19. | What happens if I do not do anything? |
|---|---|

If you do nothing, you will not receive a Merchandise Credit from this Settlement. If the Court approves the Settlement, you will be bound by the Settlement Agreement and the Released Claims. This means, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against TJX about the issues resolved by this Settlement and released by the Settlement Agreement.

### THE LAWYERS REPRESENTING YOU

| 20. | Do I have a lawyer in this case? |
|---|---|

Yes. The Court has appointed Douglas Caiafa, of Douglas Caiafa, A Professional Law Corporation, Christopher J. Morosoff, of the Law Office of Christopher J. Morosoff, and Greg K. Hafif, of the Law Office of Hebert Hafif, to represent you and all Class Members as "Class Counsel." You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 21. | How will the lawyers get paid? |
|---|---|

Class Counsel will ask the Court to award them up to $2,125,000 (25% of the settlement fund), plus their out-of-pocket costs and expenses of $50,000 for their work in this case. If approved, these amounts, as well as a $7,500.00 to each of the four Class Representatives will be paid out of the Settlement fund before issuing Merchandise Credits to Class Members. Class Counsel's motion for Attorneys' Fees and Costs will be available for viewing on the settlement website at www.tjxSettlement.com.

### THE COURT'S FAIRNESS HEARING

| 22. | When and where will the Court decide whether to approve the Settlement? |
|---|---|

The Court will hold a Fairness Hearing at __:__ 1:30 p.m. on [DATE], 2017, at the United States District Court for the Central District of California, located at 350 West First Street, Los Angeles, California, in Courtroom 5D – First Street Courthouse. At this hearing, the Court will consider whether the Settlement is fair, reasonable and adequate. The Court will also consider how much to pay Class Counsel and the Class Representatives. If there

are objections, the Court will consider them. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

The hearing may be moved to a different date, time or location without additional notice, so it is a good idea to check www.tjxSettlement.com.

| 23. | Do I have to come to the hearing? |
|-----|-----------------------------------|

No. Class Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense. If you file an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also hire another lawyer to attend, but it is not required.

| 24. | May I speak at the hearing? |
|-----|-----------------------------|

Yes. You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear." Your letter must also include:

- Your name, address, and telephone number;
- The name of the case (*Staci Chester v. The TJX Companies, Inc.*);
- The name, address, and telephone number of any attorney(s) who will be appearing on your behalf at the Fairness Hearing, if applicable;
- A brief statement detailing what you will be presenting to the Court; and
- Your signature and date.

You must mail your Notice of Intention to Appear postmarked no later than **Month 00, 2017**, to:

> The United States District Court for the Central District of California
> Courtroom 5D – First Street
> 350 W. First Street
> Los Angeles, CA 90012

### GETTING MORE INFORMATION

| 25. | How do I get more Information? |
|-----|-------------------------------|

The Notice summarizes the lawsuit and the proposed Settlement. You can get more information about the lawsuit and Settlement at www.tjxSettlement.com. You may also write with questions to: TJX Claims Administrator, C/O JND Legal Administration, P.O. Box 6878, Broomfield, CO, 80021, or by email at info@tjxSettlement.com. You can also get a Claim Form or Opt-Out Request at the website, or by calling this toll-free number, 1-855-225-9282.

# EXHIBIT 3

## SUMMARY NOTICE - EMAIL

To:
From: administrator@tjxSettlement.com
Subject: TJX Pricing Class Action Settlement

# If you made a purchase at a T.J. Maxx, Marshalls, or HomeGoods store in California, your rights may be affected by and you could receive a store credit or cash payment from a class action settlement.



*Para una notificación en Español, llamar 1-855-225-9282 o visitar nuestro website www.tjxSettlement.com*

A settlement has been reached in a class action alleging that The TJX Companies, Inc., T.J. Maxx of CA, LLC, Marshalls of CA, LLC, and HomeGoods, Inc. ("TJX") used false or misleading Compare At pricing advertisements.  TJX denies that it used false price comparison advertising or that it has done anything wrong. The Court has not decided who is right.

You are included in the settlement as a "Class Member" if you purchased one or more items from a T.J. Maxx, Marshalls, or HomeGoods store in California between July 17, 2011 and **[DATE]**, with a TJX price tag that included a Compare At price, and you have <u>not</u> received a refund or credit for all of your purchases. If you are eligible, you may be able to receive a store credit ("Merchandise Credit") that may be used toward purchases in any T.J. Maxx, Marshalls, or HomeGoods store in California or be redeemed for cash in an amount equal to 75% of the original value of the Merchandise Credit. More than one Merchandise Credit may be used at a time and they may be used in conjunction with other promotional discounts that are otherwise available with the use of gift cards or merchandise credits. Merchandise Credits do not expire.  You may give your Merchandise Credit to someone else, but they cannot be resold.  You may exchange Merchandise Credits for cash in an amount equal to 75% of the Merchandise Credit at the time of its issuance, for up to one year after issuance, by returning the Merchandise Credit to the Claims Administrator unused.  Merchandise Credits that have been used to make a purchase are not redeemable for cash.

The Merchandise Credits will be paid from what remains of a $8,500,000 settlement fund after deducting the costs of administering the settlement (up to $1,000,000), court-approved attorneys' fees of up to 25% of the settlement fund ($2,125,000), and costs (up to $50,000), and payments to the Class Representatives (up to $7,500 per Class Representative for a total of $30,000). The amount of the Merchandise Credit will be determined by dividing the remainder of the settlement fund among the total number of Class Members who submit valid claims.

To receive the Merchandise Credit, you must file a claim by **[DATE]**. Claim Forms may be submitted online at www.tjxSettlement.com, printed from the website and mailed to the address on the form, or obtained by calling 1-855-225-9282.

If you file a claim or do nothing and the Court approves the settlement, you will give up your right to sue TJX for any of the claims released by this settlement. If you do not want to receive a Merchandise Credit, but you want to keep your right to sue TJX individually for the same claims resolved by this settlement, you must exclude yourself by **[DATE]**. If you do not exclude yourself from the settlement, you may object and notify the Court that you or your lawyer intends to appear at the Court's fairness hearing. Objections and intentions to appear are due and must be filed with the Court no later than **[DATE]**. For more information, including the detailed Notice and Settlement Agreement, call or go to www.tjxSettlement.com.

The Court will hold a hearing on [DATE] to determine whether to approve the settlement; how much to award in fees and costs to Class Counsel; and how much to award the Class Representatives. You or your attorney may attend, but you don't have to. The date of the hearing may change without further notice, so please check www.tjxSettlement.com for updates.

**THIS IS ONLY A SUMMARY**. The details regarding the settlement, your rights, the claim form, and scheduling information can be found at www.tjxSettlement.com. You may also call 1-855-225-9282 or email info@tjxSettlement.com with any questions.

The lawsuit is known as *Staci Chester, et al. v. The TJX Companies, Inc. et al.*, Case No. 5:15-cv-01437-ODW-DTBx, pending in the U.S. District Court for the Central District of California.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

# EXHIBIT 4

## <u>SUMMARY NOTICE – POSTCARD</u>

<u>LEGAL NOTICE</u>

**If you made a purchase at any T.J. Maxx, Marshalls, or HomeGoods store in California, your rights may be affected by and you could receive a store credit or cash payment from a class action settlement.**

*Para una notificación en Español, llamar 1-855-225-9282 o visitar nuestro website www.tjxSettlement.com*

**1-855-225-9282**
www.tjxSettlement.com




A settlement has been reached in a class action alleging that The TJX Companies, Inc., T.J. Maxx of CA, LLC, Marshalls of CA, LLC, and HomeGoods, Inc. ("TJX") used false or misleading Compare At pricing advertising. TJX denies that it used false price comparison advertising or that it has done anything wrong. The Court has not decided who is right.

You are included in the settlement as a "Class Member" if, you purchased one or more items from a T.J. Maxx, Marshalls, or HomeGoods store in California between July 17, 2011 and **[DATE]**, with a TJX price tag that included a Compare At price, and you have not received a refund or credit for all of your purchases. If you are eligible, you may be able to receive a store credit ("Merchandise Credit") that may be toward purchases at any T.J. Maxx, Marshalls, or HomeGoods store in California or be redeemed for cash in an amount equal to 75% of the original value of the Merchandise Certificate. More than one Merchandise Credit may be used at a time and they may be used in conjunction with other promotional discounts that are otherwise available with the use of gift cards or merchandise certificates. Merchandise Credits do not expire. You may give your Merchandise Credit to someone else, but they cannot be resold. You may exchange Merchandise Credits for cash in an amount equal to 75% of the Merchandise Credit at the time of its issuance for up to one year after issuance by returning the Merchandise Credit to the Claims Administrator unused. Merchandise Credits that have been used to make a purchase are not redeemable for cash.

The Merchandise Credits will be paid from what remains of a $8,500,000 settlement fund after deducting the costs of administering the settlement (up to $1,000,000), court-approved attorneys' fees of up to 25% of the settlement fund ($2,125,000 and costs up to $50,000, and payments to the Class Representatives (up to $7,500 per Class Representative for a total of $30,000). The amount of the Merchandise Credit will be determined by dividing the remainder of the settlement fund among the total number of Class Members who submit valid claims.

To receive the Merchandise Credit, you must file a claim by **[DATE]**. Claim Forms may be submitted online at www.tjxSettlement.com, printed from the website and mailed to the address on the form, or obtained by calling 1-855-225-9282.

If you file a claim or do nothing and the Court approves the settlement, you will give up your right to sue TJX for any of the claims released by this settlement. If you don't want to receive a Merchandise Credit, but you want to keep your right to sue TJX individually for the same claims resolved by this settlement, you must exclude yourself by **[DATE]**. If you do not exclude yourself from the settlement, you may object and notify the Court that you or your lawyer intends to appear at the Court's fairness hearing. Objections and intentions to appear are due and must be filed with the Court no later than **[DATE]**. For more information, including the detailed notice and Settlement Agreement, call or go to www.tjxSettlement.com.

The Court will hold a hearing on **[DATE]** to determine whether to approve the settlement; how much to award in fees and costs to Class Counsel; and how much to award the Class Representatives. You or your attorney may attend, but you don't have to. The date of the hearing may change without further notice, so please check www.tjxSettlement.com for updates.

**THIS IS ONLY A SUMMARY**. The details regarding the settlement, your rights, the claim form, and scheduling information can be found at www.tjxSettlement.com. You may also call 1-855-225-9282 or email info@tjxSettlement.com with any questions.

The lawsuit is known as *Staci Chester, et al. v. The TJX Companies, Inc. et al.*, Case No. 5:15-cv-01437-ODW-DTBx, pending in the U.S. District Court for the Central District of California.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

# EXHIBIT 5

64670079_1

## SUMMARY NOTICE - PUBLICATION NOTICE

LEGAL NOTICE

**If you made a purchase at any T.J. Maxx, Marshalls, or HomeGoods store in California, your rights may be affected by and you could receive a store credit or cash payment from a class action settlement.**

*Para una notificación en Español, llamar 855-225-9282*
*o visitor nuestro website www.tjxSettlement.com*



A settlement has been reached in a class action lawsuit alleging that The TJX Companies, Inc., T.J. Maxx of CA, LLC, Marshalls of CA, LLC, and HomeGoods, Inc. ("TJX") used false or misleading Compare At pricing advertising. TJX denies that it used false price comparison advertising or that it has done anything wrong. The Court has not decided who is right.

**Who's included?** You are included in the settlement as a "Class Member" if you purchased one or more items from any T.J. Maxx, Marshalls or HomeGoods, in California between July 17, 2011 and **[DATE]**, with a TJX price tag that included a Compare At price, and you have not received a refund or credit for all of your purchases. If you are eligible, you may be able to receive a store credit ("Merchandise Credit") which may be used to purchase merchandise at any T.J. Maxx, Marshalls, or HomeGoods store in California or may be redeemed for cash in an amount equal to 75% of the value of the Merchandise Credit. Merchandise Credits do not expire. You may give your Merchandise Credit to someone else, but they cannot be resold. You may exchange Merchandise Credits for cash in an amount equal to 75% of the Merchandise Credit at the time of its issuance for up to one year after issuance by returning the Merchandise Credit to the Claims Administrator unused. A Merchandise Credit that has been used to make a purchase is not redeemable for cash.

**What does the settlement provide?** If you are eligible, you may be able to receive a store credit ("Merchandise Credit"). A Merchandise Credit is store credit that may be either redeemed for cash in an amount equal to 75% of the value of the Merchandise Credit or be used toward purchases at any T.J. Maxx, Marshalls or HomeGoods store in California. More than one Merchandise Credit may be used at a time and they may be used in conjunction with other promotional discounts that are otherwise available with the use of gift cards or merchandise credits. The Merchandise Credits will be paid from what remains of a $8,500,000 settlement fund after deducting the costs of administering the settlement (up to $1,000,000), court-approved attorneys' fees of up to 25% of the settlement fund ($2,125,000) and costs up to $50,000, and payments to the Class Representatives (up to $7,500 per Class Representative for a total of $30,000). The amount of the Merchandise Credit will be determined by dividing the remainder of the settlement fund among the total number of Class Members who submit valid claims.

**How to get a Merchandise Credit.** To receive the Merchandise Credit, you must file a claim by **[DATE]**. Claim Forms may be submitted online at www.tjxSettlement.com, printed from the website and mailed to the address on the form, or obtained by calling 1-855-225-9282.

**Your other options.** If you submit a claim or do nothing and the Court approves the settlement, you will give up your right to sue TJX for any of the claims released in the settlement. If you don't want to receive a Merchandise Credit, but you want to keep your right to sue TJX separately for the same claims resolved by this settlement, you must exclude yourself by submitting an Opt-Out Form postmarked no later than **[DATE]**. If you do not exclude yourself from the settlement, you may object and notify the Court that you or your lawyer intends to appear at the Court's fairness hearing. Objections and intentions to appear are due and must be filed with the Court no later than **[DATE]**. For more information, including the detailed Notice and Settlement Agreement, call or go to www.tjxSettlement.com.

The Court will hold a hearing on **[DATE]** to determine whether to approve: the settlement; Class Counsels' request for fees, costs and expenses; and payments to the Class Representatives. The lawsuit is known as *Staci Chester, et al. v. The TJX Companies, Inc. et al.*, Case No. 5:15-cv-01437-ODW-DTBx, pending in the U.S. District Court for the Central District of California.

**Want more? THIS IS ONLY A SUMMARY.** The details regarding the settlement (including the Settlement Agreement), your rights, the claim form, opt-out form, and scheduling information can be found at www.tjxSettlement.com. You may also call 1-855-225-9282 or email info@tjxSettlement.com with any questions.

# EXHIBIT 6

64670079_1

United States District Court for the Central District of California
**STACI CHESTER, ET AL. v. THE TJX COMPANIES, INC. ET AL.**
Case No. 5:15-cv-01437-ODW-DTBx

**OPT-OUT FORM**

I WISH TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN THE CASE OF STACI CHESTER, ET AL. v. THE TJX COMPANIES, INC. ET AL., CASE NO. 5:15-cv-01437-ODW-DTBx.   I UNDERSTAND THAT BY REQUESTING EXCLUSION FROM THE SETTLEMENT CLASS, I WILL NOT RECEIVE ANY SHARE OF THE SETTLEMENT BENEFITS. I confirm that I have received written notice of the proposed Settlement in this action. I have decided to exclude myself from the Settlement Class and not to participate in any portion of the proposed Settlement.

Date: _____

Signature: _____

Printed Name: _____

Street Address: _____

City, State, Zip Code: _____

**THIS FORM MUST BE COMPLETED AND SENT VIA U.S. MAIL WITH A POSTMARK DATED NO LATER THAN _____ TO:**

**TJX CLAIMS ADMINISTRATOR, C/O JND LEGAL ADMINISTRATION**
**P.O. Box 6878**
**BROOMFIELD, CO 80021**

**TOLL FREE TELEPHONE: 1-855-225-9282**
**WEBSITE ADDRESS:  www.tjsSettlement.com**

# EXHIBIT 7

64670079_1

## SUMMARY NOTICE – IN-STORE NOTICE

---

### LEGAL NOTICE

**If you made a purchase at any T.J. Maxx, Marshalls, or HomeGoods store in California between July 17, 2011 and {DATE}, you may be eligible to receive a store credit or a cash payment from a class action settlement.**

**For more information see below.**

---

#### TEAR-AWAY



A settlement has been reached in a class action lawsuit alleging that The TJX Companies, Inc., T.J. Maxx of CA, LLC, Marshalls of CA, LLC, and HomeGoods, Inc. ("TJX") used false or misleading Compare At pricing advertising. TJX denies that it used false price comparison advertising or that it has done anything wrong. The Court has not decided who is right.

**Who's included?** You are included in the settlement as a "Class Member" if you purchased one or more items from any T.J. Maxx, Marshalls or HomeGoods store, in California between July 17, 2011 and **[DATE]**, with a TJX price tag that included a Compare At price, and you have not received a refund or credit for all of your purchases. If you are eligible, you may be able to receive a store credit ("Merchandise Credit") which may be used to purchase merchandise at any T.J. Maxx, Marshalls or HomeGoods store in California or may be redeemed for cash in an amount equal to 75% of the Merchandise Credit at the time of its issuance by returning the Merchandise Credit to the Claims Administrator unused. A Merchandise Credit that has been used to make a purchase may not be redeemed for cash.

**How to get a Merchandise Credit?** To receive the Merchandise Credit, you must file a claim by **[DATE]**. Claim Forms may be submitted online at www.tjxSettlement.com, printed from the website and mailed to the address on the form, or obtained by calling 1-855-225-9282.

**Your other options?** If you submit a claim or do nothing and the Court approves the settlement, you will give up your right to sue TJX for any of the claims released in the settlement. If you don't want to receive a Merchandise Credit, but you want to keep your right to sue TJX separately for the same claims resolved by this settlement, you must exclude yourself by submitting an Opt-Out Form postmarked no later than **[DATE]**. If you do not exclude yourself from the settlement, you may object and notify the Court that you or your lawyer intends to appear at the Court's fairness hearing. Objections and intentions to appear are due and must be filed with the Court no later than **[DATE]**.

**For more information, including the detailed Notice and Settlement Agreement, call or go to www.tjxSettlement.com.**