**STEVEN F. HELFAND**

415.596.5611
s.helfand@icloud.com

900 West Avenue
Apt. 701
Miami Beach, FL 33139

April 4, 2018

The United States District Court for the Central District of California
Courtroom 5D – First Street
U.S. District Judge Otis D. Wright, II
350 West First Street
Los Angeles, CA 90012

RE:   *Staci Chester v. The TJX Companies, Inc.*

The Honorable Court:

    I am a class member in the above case.  I fit within the contours of the class definition.  **I request permission to appear at the fairness hearing telephonically as I reside in Miami Beach, Florida.**  I suffer from an illness that makes travel difficult.  The ADA requires reasonable accommodation and I request one.  I would like the opportunity to speak for no more than ten minutes.

    I lived in San Francisco, California from approximately December, 1999 until October, 2015, when I relocated to Florida.  I purchased one or more items from a T.J. Maxx, Marshalls, or HomeGoods store in California between July 17, 2011 and December 6, 2017, with a TJX price tag that included a Compare At price, and I did not received a refund or credit for all of my purchases.

    The fee request is excessive.  The payments to the named representatives are excessive; should be capped at $5,000.00.

    The injunction is illusory as is the monetary relief.  No meaningful information presented monetizing the value of the injunction or contrasting the monetary aspects with the proposed class settlement.

Will class members who reside in Florida or any other state be allowed to avail themselves of the settlement benefits; or must they fly to California to use them? The Notice states: "Merchandise Credits can be used to purchase any item in any T.J. Maxx, Marshalls, or HomeGoods store in California." Why? Why can't I utilize my settlement benefit at the TJ Maxx here in Miami Beach, Florida? For me and any other person who is a class member, but happened to move out of state, the settlement is a scam. Why can't the settlement benefit be resold, mine; I can only give it away.

Class counsel should not be paid with cash. Instead, it should be paid in TJ Maxx merchandise credits; discounted by twenty-five percent should they convert it to cash. Class counsel should not be allowed to loot the class. What is good for the goose; is also good for the gander.

The exchange of the merchandise credit into cash constitutes usury. The Court should decline to lend its name to this unconscionable insult, whether as to class counsel or the class. Credits should be exchanged one for one, for dollars, and this should be allowed to take place in any TJ Maxx nationwide, not just through the administrator. The settlement is unfair, unreasonable and inadequate.

This letter is sent under penalty of perjury under the laws of the United States of America. It is executed on April 4, 2018 in Miami Beach, Florida.

*Steven F. Helfand*
Steven F. Helfand, Esq.