Caroline Tucker, Esq.
Tucker | Pollard
556 N. Diamond Bar Blvd., Suite 213
Diamond Bar, CA 91765
Office 909-396-1800
Fax 949-269-6401
ctucker@tuckerpollard.com

*Attorney for Objector*
Rhadiante Van de Voorde

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACI CHESTER; DANIEL FRIEDMAN; ROBIN BERKOFF; and THERESA METOYER, individually and o/b/o those similarly situated,<br>          Plaintiffs,<br>v.<br><br>THE TJX COMPANIES, INC.; TJ MAXX OF CA, LLC; MARSHALLS OF CA, LLC; HOMEGOODS, INC; and DOES 1–100, inclusive,<br>          Defendants | Case No. 5:15-cv-01437-ODW (DTB)<br><br>**OBJECTION** |

### **OBJECTION**

Class member and objector, Rhadiante Van de Voorde, ("hereinafter Objector") objects to the class action settlement. Her address is 1200 Blue Ridge Drive, Boulder Creek, CA 95006 and she filed a claim to this settlement.

This Settlement is plagued with several problems. It is not fair, reasonable, and adequate as required by Federal Rule of Civil Procedure 23(e). The district court fulfills both its "duty to act as a fiduciary who must serve as a guardian of the rights of absent class members and ... the

1

requirement of a searching assessment regarding attorneys' fees that should properly be performed in each case." *In re Bank of Am. Corp. Securities, Derivative, and Employee Ret. Income Sec. Act (ERISA) Litig.*, 772 F.3d 125, 134 (2d Cir. 2014) citing *McDaniel v. Cnty. of Schenectady,* 595 F.3d 411, 419 (2d Cir. 2010).

"Class-action settlements are different from other settlements. The parties to an ordinary settlement bargain away only their own rights—which is why ordinary settlements do not require court approval." *In re Dry Max Pampers Litig.*, 724 F.3d 713, 715 (6th Cir. 2013). Unlike ordinary settlements, "class-action settlements affect not only the interests of the parties and counsel who negotiate them, but also the interests of unnamed class members who by definition are not present during the negotiations. *Id*. "[T]hus, there is always the danger that the parties and counsel will bargain away the interests of unnamed class members in order to maximize their own." *Id*.

In this class action there are an estimated 8,000,000 class members. The total amount of compensation offered by the Defendant is $8,500,000. Of this amount, class counsel proposes to take $2,175,000 in attorney's fees and costs, the administrator will take up to $1,000,000, and the class representatives will take a total of $30,000. This leaves a theoretical $5,295,000 to be shared among 8,000,000 class members. If all class members submitted a claim, then they would get approximately $0.66. This allocation is unfair. The only real beneficiaries of the lawsuit are the attorneys.

What makes this settlement even worse for class members is that they cannot even receive their pitifully low amount of cash with just simply submitting a claim form. Instead, the class members have no choice but to receive a plastic gift card (artfully called a "merchandise credit") with their share of the remaining settlement amount. If they want to receive cash, then they must

turn the plastic gift card back into the claims administrator. Even with this extra hassle, class members can only receive 75% of the value of the gift card.

If class members do not want to lose a percentage of the small amount of merchandise credit that they have, then they will be forced to do forced to do business with the same company that defrauded them. The Defendant will profit from this settlement. "Couponing is an important retail marketing strategy, and believed to confer a number of advantages on a retail seller, such as breaking routine shopping patterns to use a coupon, re-activating old customers, and building up store traffic which will result in more impulse buying." *Redman v. RadioShack Corp.*, 768 F.3d 622, 631 (7th Cir. 2014) *cert. denied sub nom. Nicaj v. Shoe Carnival, Inc.*, 135 S. Ct. 1429 (2015). The Court must take into account the amount that the Defendant is benefitting from this settlement.

Despite what words that class counsel wants to use to describe the class's recovery, the merchandise credit is still a coupon under the Class Action Fairness Act of 2005. A merchandise credit is still non-cash relief for the class. It is not the same as cash and it should not be treated the same as cash. As a matter of law, "compensation in kind is worth less than cash of the same nominal value." *Synfuel Techs., Inc. v. DHL Express (USA), Inc.,* 463 F.3d 646, 654 (7th Cir. 2006).

This settlement is very similar to the case in *Redman v. RadioShack Corp.*, 768 F.3d 622, 629 (7th Cir. 2014) *cert. denied sub nom. Nicaj v. Shoe Carnival, Inc.*, 135 S. Ct. 1429 (2015). Like in this case, the RadioShack class members received a voucher that could only be used in RadioShack. The *RadioShack* appellate court determined that the vouchers were equivalent to coupons, and this Court should too.

The parties could have agreed to provide the class with cash, but instead chose to force the class to do business with Defendant. The gift card is a coupon.

In any event, class counsel wants this Court to believe that a plastic card containing credit to be used to buy merchandise from the Defendant is not a gift card. The settlement agreement states that "they are not gift cards or gift certificates under California or federal law." See Settlement Agreement, p. 6. This is simply not the case. This Merchandise Credit fits squarely into the definition of a gift card and the settlement should be modified to treat it as such.

Next, the Court must evaluate the attorney's fees closely. The Court must not take a passive approach into determining the fees.

> When awarding attorneys' fees in a class action, the district court has "an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). Therefore, we have "encouraged courts to guard against an unreasonable result by cross-checking their calculations against a second method." *Id.* at 944. "In this circuit, there are two primary methods to calculate attorneys fees: the lodestar method and the percentage-of-recovery method." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 949 (9th Cir. 2015). "Under the percentage-of-recovery method, the attorneys' fees equal some percentage of the common settlement fund; in this circuit, the benchmark percentage is 25%." *Id.* (citing *Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d at 942); *see also Hanlon*, 150 F.3d at 1029. If the district court employs the lodestar method, but calculates an award that "overcompensates the attorneys according to the 25% benchmark standard, then a second look to evaluate the reasonableness of the hours worked and rates claimed is appropriate." *In re Coordinated Pretrial Proceedings in Petroleum Prod. Antitrust Litig.*, 109 F.3d 602, 607 (9th Cir. 1997). When a district court fails to conduct a "comparison between the settlement's attorneys' fees award and the benefit to the class or degree of success in the litigation" or a "comparison between the lodestar amount and a reasonable percentage award," we may remand the case to the district court for further consideration. *Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d at 943; *see also In re HP Inkjet Printer Litig.*, 716 F.3d 1173, 1190 (9th Cir. 2013). Indeed, in the absence of an adequate explanation of whether the award is proportionate to the benefit obtained for the class, "we have no choice but to remand the case to the district court to permit it to make the necessary calculations and provide the necessary explanations." *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009).

*In re Hyundai and Kia Fuel Econ. Litig.*, 881 F.3d 679, 705–06 (9th Cir. 2018).

Additionally, because the Merchandise Credits are CAFA coupons, the attorney's fees attributable to the credits can only be awarded as a percentage of those redeemed. 28 U.S.C. § 1712(a)12.  CAFA requires a district court to base "the portion of any attorney's fee attributable to the award of coupons" on "the value to class members of the coupons that are redeemed." 28 U.S.C. §1712(a). *Cf. also* Thomas A. Dickerson, *Class Actions: The Law of 50 States* §9.03[1], at 9-39 to 9-40 (2005) ("In evaluating the merit of a non-cash settlement, the only proper means of measuring true value is by estimating the actual redemption rate.").  Thus, the Court should not award attorney's fees until it has determined the actual value of the coupons to the class.

Next, the class representative's award is too high.  The class representative should not receive $7,500.00 in cash when the vast majority of class members will receive significantly less than that.  The award should be reduced to $2,500 or less.

Finally, the Court should also evaluate the settlement for any potential collusion between class counsel and defendant. The Court "must be particularly vigilant not only for explicit collusion, but also for more subtle signs that class counsel have allowed pursuit of their own self interests … to infect the negotiations." *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011).  Rather than explicit collusion, there need only be acquiescence for such self-dealing to occur: "a defendant is interested only in disposing of the total claim asserted against it" and "the allocation between the class payment and the attorneys' fees is of little or no interest to the defense." *Id.* at 949 (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 964 (9th Cir. 2003) and *In re Gen. Motors Corp. Pickup Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 819-20 (3d Cir. 1995).

For the foregoing reasons, the Court should deny final approval of the settlement.  Neither Objector nor I intend to appear at the Fairness Hearing.

## Conclusion

In conclusion, this Objector respectfully asks this Court to reject this settlement based upon the above objections.

Dated: April 9, 2018

*[signature: Rhadiante Van de Voorde]*

Rhadiante Van de Voorde

Tucker | Pollard

Dated: April 9, 2018

By: /s/ Caroline Tucker

_____

Caroline Tucker

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was filed electronically via CM/ECF on April 9, 2018, and served by the same means on all counsel of record.

/s/ Caroline Tucker

_____

Caroline Tucker