

**United States District Court**
**Central District of California**

STACI CHESTER; DANIEL
 FRIEDMAN; ROBIN BERKOFF;
and THERESA METOYER,
individually and o/b/o those
similarly situated,

    Plaintiffs,

v.

THE TJX COMPANIES, INC.;
TJ MAXX OF CA, LLC;
MARSHALLS OF CA, LLC;
HOMEGOODS, INC; and
DOES 1– 100, inclusive,

    Defendants.

Case № 5:15-cv-01437-ODW

---

## OBJECTION OF PATRICK S. SWEENEY PRO SE TO THE PROPOSED SETTLEMENT AND NOTICE OF INTENT NOT TO APPEAR

---

NOW COMES, Pro Se Objector, Patrick S. Sweeney, (the "Objector") and hereby files this Objection to the Proposed Settlement and Notice of Intent Not to Appear (the "Objection") in response to the to the proposed settlement as described in that certain Order Granting Plaintiffs Motion For Preliminary Approval Of Class Action Settlement And Conditional Certification Of Settlement Class Order Granting Preliminary Approval filed December 5, 2017 and docketed as Document # 113 in this matter (the "Proposed Settlement"). In support of the Objection the Objector states as follows:

## I. OBJECTOR IS A CLASS MEMBER

After reviewing that certain Legal Notice of Class Action Settlement, which is not dated (the "Notice"), Objector states that he is a class member, as defined in the Notice, with standing to object to the Court's Order for Preliminary Approval of the Settlement and proposed motion for final approval and for approval of attorney fees by virtue of his purchase of from a Marshalls store in California, of one or more items with a TJX price tag that included a 'Compare At" price, and he has not received a refund or credit for all of his purchase(s). Objector has submitted a timely claim to the Settlement Administrator. Objector's address and telephone number are listed at the conclusion of this Objection.

## II. NOTICE OF INTENT TO NOT APPEAR

Objector hereby gives notice that he does NOT intend to appear at the hearing on the final approval of the class action certification and settlement, as well as Class Counsel's motion for fees and costs, shall be held on May 14, 2018 at 1:30 p.m. at the United States Courthouse, 350 West First Street, Courtroom 5D, Los Angeles, CA 90012.

## III. PROCEDURAL TIMELINE

The initial complaint in this action was filed on September 3, 2015. On October 19, 21015 the Defendants moved to dismiss the Complaint. The Court denied the motions to dismiss on August 8, 2016. On September 12, 2016 Defendants filed their answer. After being ordered to ADR sessions the parties notified the court of a settlement on Sep 18, 2017.

Plaintiffs and Defendants agreed to a proposed settlement whereby Defendants agreed to create a settlement fund of eight million five hundred thousand dollars ($8,500,000.00) of "in store credits". (the "Settlement Fund"). Class Counsel intends to ask the Court for up to $2.125 million dollars in attorneys' fees. (

## IV. REASONS FOR OBJECTING TO THE PROPOSED SETTLEMENT

For the following reasons, inter alia, the Settlement Agreement is not fair, reasonable nor adequate:

### A. The Requested Attorney Fees are Excessive.

Plaintiff Class Counsel requests that the Court award a total of $2.125 million dollars in attorney fees and $50,000 in costs. The Settlement Fund is $8.5 million dollars of "in store credits" Class Counsel is seeking a fee award under the familiar "common fund" doctrine. The Ninth Circuit benchmark amount for appropriate common fund fee awards in class action cases like this is 25% of the fund obtained for the class. See, e.g., *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir.

2002). Plaintiff suggest a 25% common fund fee award in this case would be reasonable under the relevant legal standards. *Id.* at 1050.

Plaintiff contends that the requested fees are 25% of the settlement amount available to the Class Members. However, after deducting attorney fees and expenses, cost of settlement administration and incentive awards to the named plaintiffs, Class Counsel estimates there will remain approximately $5,464,081.05 left for distribution to the Class Members (See Declaration of Attorney Caiafa ISO Attorney Fees, paragraph 15.) Accordingly, when using the *actual* amount available to the Class Members ($5.464) the percentage is actually increased to 38.89 % (the "Actual Percent").

In addition, the Actual Percentage further assumes all the in store credits are actually used. Regardless of what method might be used to establish the actual percentage of usage of the in store credits it is hard to imagine a scenario whereby ***all of the in store credits are in fact used.***

If one assumes an eighty per cent usage rate (which Objector believes is lenient to the Plaintiff) it reduces the actual amount available to the Class members to $4.371 million dollars. Twenty five per cent of this amount is $1.092 dollars. Therefore, a fair and adequate amount of attorney fees $1.092 dollars

### B. Adoption of Other Objections.

The Objector hereby adopts and joins in all other objections which are based on sufficient precedent and theories of equity and law in this case and hereby incorporates said objections by reference as if they were fully described herein.

### CONCLUSION

**WHEREFORE**, This Objector, for the foregoing reasons, respectfully requests that the Court, upon proper hearing:

1. Sustain these Objections;

2. Enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the proposed settlement; and

3. Award an incentive fee to this Objector for his role in improving the Settlement, if applicable.

Date: April 8, 2018

Respectfully submitted,

Patrick S. Sweeney, Pro Se
2672 Mutchler Road
Madison, WI 53711
424-488-4383
patrickshanesweeney@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2018, I caused to be filed the foregoing with the Clerk of the Court of the United States District Court for Central District of California by sending this document via First Class U.S. Mail so that this document would be postmarked within the timeframe described in the Notice published in this case. In addition, when the Clerk files this document in the docket for this case all parties in this case who use the CM/ECF filing system will be noticed. In addition, the undersigned has sent a copy via email to the counsel as listed in the Notice.

Patrick S. Sweeney, Pro Se