JS-6

| | |
|---|---|
| STACI CHESTER, et al,<br><br>                Plaintiffs,<br><br>vs.<br><br>THE TJX COMPANIES, INC., et al,<br><br>                Defendants. | **EDCV 15-01437 ODW (DTBx)**<br><br>**CLASS ACTION**<br><br>[PROPOSED] **ORDER AND JUDGMENT:**<br>**(1) CONFIRMING CERTIFICATION OF SETTLEMENT CLASS;**<br>**(2) GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br>**(3) APPROVING CLASS REPRESENTATIVE ENHANCMENT PAYMENTS**<br>**(4) AWARDING CLASS COUNSEL FEES AND COSTS**<br>**(5) APPROVING SETTLEMENT ADMINISTRATOR FEES**<br>**(6) ENTERING FINAL JUDGMENT**<br><br>Courtroom: 5D – First Street<br>Date:      May 14, 2018<br>Time:     1:30 p.m.<br>Judge:    Hon. Otis D. Wright, II |

[PROPOSED] ORDER AND JUDGMENT

This matter has come before the Court pursuant to Plaintiffs' Motion for Final Approval of Class Action Settlement ("Motion for Final Approval") and Plaintiffs' Motion for Attorneys' Fees and Costs, Costs of Administration, and Representative Enhancement Payments (ECF Doc. 116) ("Motion for Attorneys' Fee") (collectively, the "Motions").

The Court, having considered the Motion for Final Approval, the Motion for Attorneys' Fees, as well as the accompanying memoranda of points and authorities, declarations of Christopher J. Morosoff, Douglas Caiafa, Greg Hafif, Jennifer Keough, and Jennifer A. Peoples, as well as the Settlement Agreement between Plaintiffs Staci Chester, Daniel Friedman, Robin Berkoff and Theresa Metoyer ("Plaintiffs") and Defendant The TJX Companies, Inc. ("TJX" or "Defendant"), and all of the files, records, and proceedings herein, and it appearing to the Court after considering the papers and the arguments in connection with the Motions, that the Settlement is fair, reasonable and adequate, and that adequate notice of the Settlement has been provided to the Settlement Class in compliance with due process, and that a Judgment approving the Settlement and an Order dismissing the Action based upon the Settlement should be entered;

**NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED**:

1. The Court has jurisdiction over this action and the Parties' Proposed Settlement under 28. U.S.C. §§ 1332(d) and 1453 pursuant to the Class Action Fairness Act since the amount in controversy exceeds $5,000,000 and because of the complete diversity between Plaintiffs and Defendant.

2. For the reasons stated in the Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Conditional Certification of Settlement Class (ECF Doc. 113) ("Preliminary Approval Order"), the Court finds that the action meets all the requirements for class certification, and it is hereby ordered that the Settlement Class is finally approved and certified as a class for purposes of settlement of this action.

3. The Parties' Settlement Agreement ("SA") (attached as Exhibit A to the Declaration Douglas Caiafa) is granted final approval as it meets the criteria for final settlement approval. The Settlement falls within the range of possible approval as fair, adequate, and reasonable, and appears to be the product of arm's-length and informed negotiation and to treat all Class Members fairly.

4. Notice to Class Members of the Settlement as described in the SA and the Preliminary Approval Order, including the Longform Notice, Email Notice, Postcard Notice, and Publication Notice (attached as Exhibits 2, 3, 4, and 5 to the SA), were sufficient to inform Class Members of the terms of the Settlement; their rights under the Settlement; their rights to object to the Settlement; their right to receive Merchandise Credit with a cash option, or elect not to participate in the Settlement; the processes for receiving Merchandise Credit with a cash option, electing not to participate in the Settlement, or objecting to the Settlement; and the date and location of the final approval hearing. Therefore, the Court finds and determines that the Notice to Class Members was complete and constitutionally sound, because individual notices were mailed and/or emailed to all Class Members whose identities and addresses are reasonably known to the Parties, and Notice was published in accordance with this Court's Preliminary Approval Order, and such notice was the best notice practicable.

5. Class Members were provided with the opportunity to comment on, or object to the Settlement, as well as to elect not to participate in the Settlement. Only 6 Class Members elected to not participate in the Settlement, and only 5 Class Members objected to the Settlement.

6. JND is awarded $1,000,000 for their services as Settlement Administrator, pursuant to the terms set forth in the SA.

7. Class Representatives Staci Chester, Daniel Friedman, Robin Berkoff and Theresa Metoyer are each awarded the sum of $7,500 as a Class Representative Payment pursuant to the terms set forth in the SA.

8.  Class Counsel is awarded $2,125,000, as attorneys' fees, and $35,497.97 as costs, pursuant to the terms set forth in the SA.

9.  By means of this Final Order and Judgment, this Court hereby enters Final Judgment in this action, as defined in Rule 54, Federal Rules of Civil Procedure.

10. This action is dismissed with prejudice, each side to bear its own costs and attorneys' fees except as provided by the SA and this Final Order and Judgment.

11. The Court hereby reserves its exclusive, general and continuing jurisdiction over the SA as needed or appropriate in order to administer, supervise, implement, interpret or enforce the Settlement in accordance with its terms.

Dated: May 14, 2018

Hon. OTIS D. WRIGHT, II
UNITED STATES DISTRICT COURT